## Matthew McClaughry
### *v.*
### Andrew M. Cratzenberg.

1.   Replevin—*requisites of the affidavit.*   The statute requires that the affidavit for a writ of replevin, shall state, in positive terms, that the property has not been taken " for any tax, assessment or fine levied by virtue of any law of this State."

2.   In this case the affidavit stated that the property had not been taken for any assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of affiant, " and further, that the same has not been taken for any legal tax, as this affiant is informed and believes." *Held,* the affidavit was bad in not stating, in positive terms, that the property had not been taken for any tax levied by virtue of any law of this State.

3.   Validity of tax—*cannot be questioned in replevin.*   The law forbids the consideration of the question of the legality of a tax, assessment or fine levied under any law standing on the statute book of this State, by means of the action of replevin.

4.   Same—*may be questioned in action of trespass.*   The question of the validity of a law imposing a tax may be presented in an action of trespass, and if an unconstitutional law has been enforced against the plaintiff, depriving him of his property, the most ample redress may be found in that action.

5.   Amendments—*of affidavit in replevin.*   An application for leave to amend an affidavit in replevin is addressed to the discretion of the court.

6.   Where it appears from the original affidavit filed, that the plaintiff seeks to present in the action the question of the validity of the law imposing the

tax under which the property was taken from him, the court may properly refuse to allow an amendment, even though the plaintiff proposes so to amend the affidavit as to comply with the statute, because the court can see that a question is sought to be raised which cannot be considered in this action.

7. Replevin—*dismissal of suit.* Should it appear in any stage of a suit in replevin, that a question of taxation is involved, and the constitutionality of the law imposing the tax was the hinge on which the case turns, the court should thereupon dismiss the suit.

Appeal from the Circuit Court of Hancock county ; the Hon. Joseph Sibley, Judge, presiding.

The case is fully stated in the opinion of the court.

This was an action of replevin, and the questions presented are, first, as to the sufficiency of the affidavit filed, which did not, in positive terms, state that the property was not taken by virtue of any tax levied by virtue of any law of this State, but simply that it was not taken by virtue of any " legal tax " ; and, second, whether the court erred in refusing leave to amend the affidavit.

Mr. H. W. Draper, for the appellant, contended that the act of 1845 amending the act of 1827, only contemplates that the person making the affidavit for a writ of replevin shall swear that the property has not been taken for any legal tax. Revised Laws of 1832–3, p. 508, § 1, amended March 3d, 1843 ; Purp. Stat. p. 868, § 3.   An illegal tax is no tax at all, and saying that the property was not taken for any " legal tax," is equal to saying that it was not taken for any " tax levied by virtue of any law of this State," and the original affidavit was in substance good.

The affidavit is not the foundation of the suit, and the court erred in refusing the affidavit to be amended, and quashing the writ.   1 Gilm. 35 ; 14 Ill. 122.

Mr. N. Bushnell and Mr. Jackson Grimshaw, for the appellee.

The original affidavit, which was made by the plaintiff in person, states " that the property replevied has not been taken

for any legal tax, as this affiant is informed and believes." This is not sufficient.

I. The affidavit in replevin must, unless otherwise provided by the statute, be positive, whether made by the plaintiff or his agent. Here it is made by the plaintiff, and is made, not positively, but only on information and belief. Rev. Code of 1833, p. 508, §§ 1, 6 ; Laws of 1838-9, p. 77, § 3 ; *Frink* v. *Flanegan*, 1 Gilm. 37.

II. The statute requires that the affidavit shall be positive as to the fact that the property has not been taken for " any tax." The affidavit in this case does not state that it was not taken for " any tax," but only that it was not taken for any " legal tax." The affidavit is required by the statute to be general without qualification ; here it is special, exceptive and qualifying. It impliedly admits that it has been taken for a tax, but insists that, for some reason or fact not sworn to and not appearing, it is not legal ; that, by argument or inference from unknown facts, it can be shown to be illegal, and, therefore, no tax. This is swearing, not to a fact, but to an argument or inference, while the statute requires that the fact itself shall be directly, clearly, and positively sworn to. This affidavit is a mere evasion of the statute. The plaintiff seeks to have the court infer that the property was not taken for any tax, while he carefully avoids swearing to that fact. *Frink* v. *Flanegan*, 1 Gilm. 35 ; *Campbell* v. *Head*, 13 Ill. 122 ; *Cutler* v. *Rathbone*, 1 Hill, 204.

III. The affidavit is further defective, in only stating that the property was not taken "for any legal tax." This, as already observed, admits by implication that it was taken for a tax, but denies its validity. It impliedly admits, therefore, that it was taken for the very cause for which the statute says a party shall not have replevin. If it was taken for a tax actually levied under color of law, it is a tax within the meaning of the act; and if, in fact, the law under which it is levied is invalid, the party must seek some other remedy than by this form of action. Otherwise, the object of the replevin act, which was to prevent the collection of the revenue from being impeded by

this summary proceeding, would be entirely overturned. Any person may choose to consider any revenue act under which his property is taken for taxes invalid, and replevy the property from the collector on the oath that it is not a "legal tax." If this is to be the rule, how long can the collection of taxes be promptly enforced? It was the object of the statute to deny this summary and embarrassing remedy in respect to taxes levied under color of law. If the law is in fact invalid, the party is left to some other appropriate remedy. Every act of the legislature is presumed to be valid till otherwise judicially decided. Until so decided, every good citizen is required to conform to it; and surely the court will not give the replevin act a construction in respect to matters arising under positive legislative acts which will furnish a constant temptation to parties to tamper with their consciences, by swearing to facts which, at the time of the oath, cannot possibly be known to them, which at best are doubtful, and of which they can have no positive knowledge till made certain by the decision of a competent court. Such a construction, once made, applies as well to the public revenue as to all other taxes, general or special; and introduces a principle no less subversive of the policy of the replevin act than of the public interest, which requires the certain and prompt collection of the public revenue, by virtue of which the government exists. We deny, therefore, that replevin lies to take from the possession of the collector property seized by him for taxes levied by virtue of an act of the legislature, while it remains in apparent force and in advance of any judicial decision as to its validity. If the law is in fact invalid, the injured party has other sufficient and appropriate remedies; but this one is by reason and the replevin act equally denied to him.

IV. The court committed no error in refusing to permit the plaintiff to file an amended affidavit. This court has in numerous cases decided that in courts of law, where no statute interposes to prevent, amendments are in the discretion of the court, to be allowed or refused, as the court may consider conducive to justice under the circumstances of each case; and that the

decisions of the court in the exercise of this discretion cannot be assigned for error. This rule does not apply to mere clerical errors, which may be amended at any time. *The State* v. *Buckmaster*, Breese (new ed.), 176, and notes; *Ballance* v. *Curtenius*, 3 Gilm. 453, 454; *Phillips* v. *Dana*, 1 Scam. 498; *Lansing* v. *Birge*, 2 id. 375; *McBain* v. *Enloe*, 13 Ill. 80; *Campbell* v. *Head*, 13 id. 126; *Miller* v. *Mitzgar*, 16 id. 390; *Brown* v. *Smith*, 24 id. 196; *Jackson* v. *Warren*, 32 id. 337.

The *dictum* in the case of *Frink* v. *Flanegan*, 1 Gilm. 35, is opposed to the whole current of the decisions of this court before and since. The question of error on the amendment was not really before the court. That question had been waived by the defendant appearing and pleading to the action, and the case was rightly decided on that ground. The question of discretion was not presented in the argument of that case, nor was it passed upon or noticed by the court. It was treated as a question of power merely. So it was with the case of *Cutler* v. *Rathbone*, 1 Hill, 204, referred to in that case. That was an application to the court to amend, and the question was, whether the court to which the application was made had the *power* to allow the amendment. No question did or could arise in the case whether it was an error for an inferior court to refuse the application; for there was no pretense that any such application was made in the inferior court, and the final order shows there was not.

V. The Circuit Court wisely exercised its discretion in this. The facts before the court on the hearing of the motion for leave to file the amended affidavit, show that the whole object of the suit was to replevy property taken for a tax levied under color of a legislative act. We have already endeavored to show that replevin does not lie in such a case, irrespective of the question whether the law may be subsequently held to be valid or invalid. If this is so, what good reason can be given for allowing an amendment which, the court could see, from the facts before it, must be unavailing to the party? And what good reason can be assigned for now revising that decision, and send-

ing the parties back to further litigate and multiply costs, with the same result in the end?

Mr. Justice Breese delivered the opinion of the Court:

This was an action of replevin brought in the Circuit Court of Hancock county by Matthew McClaughry against Andrew M. Cratzenberg.

The affidavit, on suing out the writ of replevin, stated that affiant was the owner of one sorrel mare, one bay mare and one male colt, worth three hundred dollars, and that the same were taken out of his possession by the defendant and detained by him; that the property had not been taken for any assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of affiant; "and further, that the same has not been taken for any legal tax, as this affiant is informed and believes." A writ was duly issued on the 27th of June, 1865, the day the affidavit was made, and a declaration filed in proper time.

At the October Term, 1865, of the court, the defendant entered a motion to quash the writ for want of a sufficient affidavit, he insisting the same was defective in omitting to state that the property was not taken for any tax levied by virtue of any law of this State; that the affidavit contained a negative pregnant, and, in grammatical and legal effect, admits that the property was taken by the defendant, by virtue and under color of an actual tax levied; and that the plaintiff did not swear positively, but only as to his belief.

Whereupon, the plaintiff entered a cross motion for leave to amend the affidavit, and presented to the court an amended affidavit, stating therein that the property was not taken for any tax, assessment or fine, levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of affiant.

These several motions coming on to be heard at the same time, the court denied the cross motion to amend the affidavit, and allowed the motion to quash the writ and rendered judg-

ment for the defendant for a return of the property and for costs, to all which the plaintiff excepted.

The cause is brought here by writ of error, and these rulings assigned as error.

In the outset, it may be stated, the court, adjudging the affidavit defective, and refusing leave to file an amended affidavit, could do no less than dismiss the suit and order a return of the property. No other judgment could be rendered as the case stood. The only questions, therefore, before us, are : First, as to the sufficiency of the affidavit; second, as to the refusal of the court to permit the amended affidavit to be filed.

To test the first question, reference must be had to the statute relating to the action of replevin. With its provisions all are familiar. The party seeking the writ must, by himself or agent, make oath, among other matters, that the property has not been taken " for any tax, assessment or fine, levied by virtue of any law of this State," etc. Scates' Comp. 226.

The departure from the requirement of this statute, in the affidavit originally made, is very palpable. The statute requires the affidavit shall state, in positive terms, that the property was not taken " for any tax, assessment or fine, levied by virtue of any law of this State." The affidavit states that the property was not taken for any assessment or fine, levied by virtue of any law of this State, nor seized under any execution, etc. ; and, in conclusion, states " that the same has not been taken for any legal tax, as affiant is informed and believes." The effect of the affidavit, or, rather, the implication from it, is, unquestionably, that the property of affiant had been taken for a tax of some description, and some person had informed him, and he believed the information, that the tax, by virtue of which it was taken, was not a legal tax. The affidavit means nothing else but this, and brings up a question, which the policy of the very law whose aid affiant seeks declares shall not be raised by the action of replevin. It is the policy of the State that the execution of its revenue laws shall not be stayed by this writ. Disastrous, indeed, would be the consequences to the public was it allowed to every taxable inhabitant, who

may have conceived the notion that a law of general application, imposing taxes, is void, and, therefore, he shall be permitted to arrest its operation, and thus break down the financial system of the State. If one may do it, a whole community may, and ruin and disgrace would inevitably follow the extinction of our State credit thus brought about. The law forbids the consideration of the question of the legality of a tax, assessment or fine, levied under any law standing on the statute book of the State, by means of the action of replevin, and for the reasons we have given.

The affidavit not being positive in its terms, and containing no averment that the property was not taken for "any tax, assessment or fine levied by virtue of any law of this State," was so defective as to justify the court in quashing the writ which issued on it.

As to the refusal of the court to allow the amended affidavit to be filed, there can be no doubt about that question, from what we have already said.

The court was informed by the original affidavit, of the design of affiant, which was to test the constitutionality of a certain act of the general assembly authorizing the levy of a town tax for a special purpose. The amended affidavit, if filed, and a trial had, would have presented the same question, so that if the original affidavit had strictly complied with the statute, the effort would have been vain and fruitless, for the court would have been compelled to dismiss the suit the very moment it was shown a question of taxation was involved, and the constitutionality of the law imposing the tax was the hinge on which the case turned. It was therefore wholly immaterial, what disposition the court made of the motion to file the amended affidavit; the question sought to be raised in the action could not under any circumstances be entertained, and, moreover, it was a motion addressed to the discretion of the court.

But the plaintiff is by no means remediless. Though, from motives of public policy, he is inhibited from raising the question of the validity of a law imposing a tax by a resort to the action of replevin, he yet has a remedy by action of trespass,

in which, under a proper state of pleading, the question can be fully presented, and, if an unconstitutional law has been enforced against him, depriving him of his property, the most ample redress may be found in that action.

On the question sought to be raised we have formed no opinion, nor shall we until a proper case is presented.

We are entirely satisfied, the Circuit Court decided correctly in refusing to allow the amended affidavit, and in quashing the writ for the insufficiency of the original affidavit, and accordingly affirm the judgment.

*Judgment affirmed.*