# The Mount Carbon Coal and Railroad Company

## *v.*

## George W. Andrews.

1. PLEADING—*denying authority of an officer.* In an action of replevin, the defendant justified the taking of the property, as collector of taxes for a municipal corporation, and the plaintiff replied that he was not the "legally and duly appointed collector," etc. On demurrer, the replication was held bad, because it did not aver he was not collector, either *de jure* or *de facto*.

2. OFFICER—*de jure and de facto—in what proceeding determinable.* Whether the collector was lawfully in office or not, could not be determined in the action of replevin.

3. NUL TIEL CORPORATION—*where pleadable.* A replication in the same action, which alleged there was no such corporation as that for which the defendant claimed to be collector of taxes, was also held bad, because the question whether such town had ever been incorporated, or had forfeited its franchises, could not be tried in such collateral proceeding.

4. VALIDITY OF TAX—*cannot be questioned in replevin.* The question of the validity of a tax can not be considered in an action of replevin; so where the defendant in such action justified, on the ground that he seized the property as collector of taxes for a town, the plaintiff can not properly, in that proceeding, question the legality of the ordinance under which the tax was levied.

5. A replication to such a plea, denying that there were any taxes or assessments due and owing from the plaintiff to the town, would be bad on demurrer, because the effect of it would be to open the entire question as to the legality of the tax, and the manner of its being levied.

6. So, too, a replication averring that the property in controversy was not liable to be distrained for the payment of taxes, was held bad, because no property is exempt from seizure and sale for taxes due from the owner, and under the pleading the prohibited question, as to the legality of the tax, would be presented.

7. SAME—*dismissal of action.* Should it be made to appear to the court, in which an action of replevin is pending, by the pleadings or otherwise, that a trial of the rights of the parties will involve the question of the legality of a tax, or of the law under which it was imposed, it becomes at once the duty of the court to dismiss the suit.

8. SAME—*what taxes are embraced in this rule.* A tax levied by an incorporated town, is embraced in the prohibition, that property shall not be taken in replevin, which has been seized for any tax which has been levied by virtue of any law of this State.

9. JUDGMENT ON DEMURRER—*where there are issues of fact.* Where a replication is filed to a plea, which presents within itself a complete defense to the action, on sustaining a demurrer to such replication, the plaintiff abiding by his pleading, the court may render final judgment for the defendant, notwithstanding there may be issues of fact made up on other pleadings in the case.

10. DEMURRER—*carried back to a former pleading.* A demurrer, at any stage in the pleadings in a cause, may be carried back to any former pleading which is not prior to one upon which there is an issue of fact.

11. PLEA OF JUSTIFICATION—*by an officer, for seizing property.* A plea in an action of replevin, averred that the defendant, as city collector, seized the property " by virtue of a certain warrant, duly issued and directed by the proper authority of said city to the said defendant, as such collector,

directing and commanding him, the said defendant, to collect certain taxes theretofore duly assessed" against the said plaintiff, etc.' *Held*, this was a sufficient averment respecting the process, without setting out the warrant in full.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. THOMAS G. ALLEN, for the appellants.

This was an action of replevin. The fifth plea justifies the taking of the property by the defendant, as collector for the city of Murphysboro, for taxes levied under an ordinance of said city, for the collection of which a warrant issued, etc. The plaintiffs replied, *first*, denying that defendant was legally appointed collector; *second*, no such corporation; *third*, no valid ordinance authorizing defendant to distrain; *fourth*, no taxes owing by plaintiff to the city, and, *fifth*, the property not liable to be seized for taxes.

The court below sustained a demurrer to all these replications, and, I insist, improperly. It was ruled, in the court below, that because the third replication sets out "there was no valid ordinance in force authorizing said defendant to distrain," etc., therefore the court was bound to construe the pleading of the plaintiff into an admission that the goods and chattels replevied. had been taken by defendant for a tax, assessment, or fine, levied by virtue of a law of this State, and, therefore, it became the duty of the court to sustain the demurrer, and order a return of the goods and chattels to the defendant. In so disposing of the case, the circuit court relied upon the decision in *McClaughry* v. *Cratzenberg*, 39 Ill. 117. But that case warrants no such conclusion as was arrived at by the circuit court in this case.

In the case referred to, there was no positive affidavit, as in this case, that the goods, etc., had not been taken for any tax, assessment, or fine, levied by virtue of any law of this State; neither was there a previous joinder in the pleadings of issues of fact, relied on by the plaintiff and the defendant, as in this case. In the case now before the court, the defendant's demurrer to the third replication admits the truth of the statement there made, that there was no valid ordinance in force authorizing the defendant to distrain the goods and chattels in question. This, of itself, is conclusive on and against the defendant. An invalid ordinance could give no more force, would afford no more authority for a distress, than would be conferred upon an officer acting under a void judgment. And this court has decided that an execution issued under a void judgment is itself void; and that property levied on by the sheriff under a void execution, may be replevied from the officer by the one previously entitled to its possession. *White* v. *Jones et al.* 38 Ill. 159. And it has been decided that where there was a void assessment of taxes, there was no foundation for subsequent proceedings to enforce the payment of the taxes. *Marsh* v. *Chesnut*, 14 Ill. 227; *Billings* v. *Detten*, 15 Ill. 219.

Messrs. MULKEY, WALL & WHEELER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellants, in the Jackson circuit court, against appellee. The agent of the company filed the affidavit upon which the writ was issued, and in it he states that the company owns the property, and that it had been wrongfully taken from them by appellee; that it had "not been taken for any tax, assessment, or fine, levied by virtue of any execution or attachment against the goods and chattels of said Mount Carbon Coal and Railroad Company, liable to execution or attachment." The writ was

executed by seizing the property and delivering it to appellants, and by serving it on appellee. A declaration was filed containing two counts, one for wrongfully taking, and the other for wrongfully detaining the property.

Appellee filed pleas; first, denying the taking of the property; secondly, that he did not detain the property; thirdly, denying the corporate existence of appellants; fourth, a plea of property in defendant; and, fifth, a plea of justification, which is this: "And for a further plea in this behalf, the said defendant says *actio non*, because, he says, that at the said time when, etc., he, the said defendant, was city collector of Murphysboro, Illinois, a city duly incorporated under the laws of the State of Illinois, and then and there having full power and authority to levy and assess taxes for municipal purposes, and as such collector of the revenue of said city of Murphysboro, by virtue of a certain warrant, duly issued and directed by the proper authority of said city, to the said defendant, as such collector, directing and commanding him, the said defendant, to collect certain taxes theretofore duly assessed by the assessor of said city of Murphysboro, against the said plaintiffs, for municipal purposes, and then due and owing from the said plaintiffs to the said city of Murphysboro, etc., being incorporated as aforesaid, he, the said defendant, did take and detain the said goods and chattels in said declaration mentioned, as the property of the said plaintiffs, the said plaintiffs having then and there refused to pay the said taxes so due and owing from the said plaintiffs to the said city of Murphysboro as aforesaid, as the said defendant, by law, had a right, and this he is ready to verify," etc.

To this plea appellants, on leave obtained for the purpose, filed five replications.

The *first* one sets out " that said defendant was not, at the time when, etc., the legally or duly appointed collector of the city taxes for the city of Murphysboro, as said defendant in said plea (fifth plea) has alleged, and that said defendant took said goods and chattels in his own wrong," etc.

The *second* replication avers "there was no such corporation or city at the time when, etc., as the corporation and city of Murphysboro, as said defendant in his said amended pleas has alleged," etc.

The *third* replication says, "at the time when, etc., there was no valid ordinance in force authorizing said defendant to distrain the goods and chattels in said declaration, and in said amended plea mentioned, as is alleged in said plea pleaded, etc., but that said defendant took and detained said goods and chattels, etc., in his own wrong," etc.

The *fourth* replication avers that "at the time when, etc., there were no taxes or assessments due and owing from said plaintiffs to said city of Murphysboro, as is alleged in the said amended fifth plea, pleaded by said defendant, and that said defendant, of his own wrong, etc., took the goods and chattels, etc., in said plea mentioned," etc.

The *fifth* replication sets forth that "said goods and chattels, in said amended plea mentioned and referred to, at the time when, etc., were not legally liable to be distrained for the payment of taxes, as in said plea is alleged by the defendant, but that the same said goods and chattels were wrongfully taken, at the time when, etc., by said defendants," etc.

To these replications, a joint and several demurrer was filed, and, upon argument, it was sustained to each replication; and appellants abiding by their replications, and failing to further plead, the court below rendered a judgment in bar of the action, to reverse which, the record is brought to this court on appeal, and errors are assigned.

The question presented by this record is, whether in an action of replevin, the legality of a town ordinance imposing and providing for the collection of a corporate tax, or the tax itself, is legal, can be determined. The plea sets up an ordinance of the town, and that under it a tax was levied, and, having become delinquent by non-payment, appellee, as town collector, by virtue of a warrant directed to him for its collection, seized and distrained the property in controversy.

And appellants, as an answer to the plea, aver that appellee was not collector; that there was no such corporation as was set up in the plea; that there was no valid ordinance authorizing appellee to distrain the goods; that there were no taxes or assessments due the town, and that the goods and chattels were not liable to be distrained for the payment of such taxes.

The replications admit the truth of the averments of the plea, that the tax was levied and unpaid, but the third endeavors to avoid its force and effect by averring that there was no valid ordinance authorizing appellee to distrain for its collection. It is urged that, as the demurrer admits the truth of this and the other replications, a complete defense was established, and appellee should have been required to answer over.

The first replication formed no answer to the plea, because it failed to deny that appellee was collector either *de jure* or *de facto*. Whether he was lawfully in office or not, could not be determined in this proceeding. The replication tendered a collateral issue, and the demurrer was, therefore, properly sustained to it. And the second replication was bad for the same reason. The question whether the town of Murphysboro had ever been incorporated, or had forfeited its franchises, could not be tried in this collateral proceeding. Had the replication averred that the town had never been, and was not then, acting as a corporation, and that appellee, without color of office or right, had distrained the property; then a different question would have been presented, and the replication might have been sufficient.

The third replication is bad, because it endeavors to present the question whether the ordinance which required the distress to be made, was legal. In the case of *McClaughry* v. *Cratzenberg*, 39 Ill. 117, it was held that the court was prohibited, in an action of replevin, from inquiring into the legality of a tax, assessment or fine levied under any law standing on the statute book; that should it appear, at any

stage of the proceedings in replevin, that a question of taxation is involved, and the constitutionality of the law imposing the tax is involved, the court should thereupon dismiss the suit; that plaintiffs' right to contest the validity of a tax must be asserted in some other form of action.

The third section of the replevin law requires that the affidavit shall state that the property has not been taken for any tax, assessment, or fine, levied by virtue of any law of this State. This requirement is imperative, and before the writ can lawfully issue, the fact that it was so taken must be distinctly negatived. The legislative intention to prohibit property from being replevied where it has been taken for any tax, is, by this enactment, rendered perfectly manifest. It was clearly designed to prohibit persons whose property had been distrained for the payment of any tax, from resorting to an action of replevin to determine the questions whether it was rightfully taken, or the tax was legally imposed, and to prevent the courts from trying these questions in this form of action. If, then, it appeared to the court that the trial of the rights of the parties in this case involved the legality of a tax, or the law under which it was imposed, then it became the duty of the court to dismiss the suit.

It may, however, be urged that this tax is not embraced within the prohibitory clause of the third section of the act, as it is a tax levied by an incorporated town. But we fail to perceive any weight in the suggestion. The statute prohibits property from being replevied when taken for any tax levied by virtue of any law of the State. Now, all incorporated towns derive their power to levy and collect taxes by virtue of laws of the State. When authorized, and acting under a power in their charters to levy and collect a tax, it is levied as much by virtue of a law of the State, as is a State, county, school, or other tax. It is not, perhaps, as direct, but it is, nevertheless, by virtue of such a law; and when levied, it is a tax as fully as any other, and hence is embraced within the third section of the replevin act. The replication, as admitted

by the demurrer to be true, was not in law an answer to the plea to which it was filed.

The fourth replication sought to present the question, whether there was a tax due to the town. It would, as pleaded, have opened the entire question whether the tax was legally levied, and might have led to an investigation whether the town had observed the requirements of its charter and ordinances in levying the tax, and led to the very controversy which the general assembly intended should not be litigated in this form of action. The fifth replication attempts to raise the same question, in another form. It avers that the goods and chattels were not liable to be distrained for the payment of taxes. We are aware of no law which exempts any species of property from distress and sale for taxes due from the owner; and had the replication been held good, it could not have availed appellants anything, as we can not imagine that it would have been possible to prove the truth of the plea, unless it had been shown that the tax was illegal and void, and hence not liable to distraint. Neither of these replications being an answer to the plea, the court did right in sustaining the demurrer and rendering judgment in bar of the action.

It is, however, urged that the court erred in rendering judgment in bar of the action, without a trial on the issues of fact formed under the four pleas previously filed. If the fifth plea presented a bar to the whole action, then, if it was true, plaintiffs could not recover, whatever issues may have been formed. A defendant may plead but one plea in bar, or as many distinct defenses as he may choose. Had he pleaded several pleas of confession and avoidance, to defeat a recovery he need prove but one to succeed. And in this case, had issue been joined on the fifth plea, and its truth established, appellee would have defeated a recovery. The first, second, and third pleas, only, traverse the declaration, and impose no proof upon appellee, but imposed proof of the averments of the declaration upon appellants. The

fourth imposed the onus upon appellee, but was not essential to the defense set up by the fifth plea. Thus it is seen that the four previous pleas had no connection whatever with the defense set up in the fifth plea, it constituting a complete defense to the whole action, and remaining unanswered, and its truth admitted, it was a complete bar.

It is, however, urged that the fifth plea was bad, and the demurrer should have been carried back and sustained to it. If not substantially good, then the demurrer should have been sustained to it, as it reaches any defect apparent on the record, without going back of an issue of fact. But was this plea obnoxious to a demurrer? We think not. It contains all the material averments to render it sufficient as a justification. Appellants urge that the plea should have set out the collector's warrant in full, and in support of the position, refer to the case of *Wheeler* v. *McCorristen*, 24 Ill. 42. An examination of that case shows that the defendant attempted to establish a justification under an execution, by evidence, without having pleaded the justification. That case does not hold that the execution must be copied in full into the plea, but simply that, before a justification can be proved, it must be set up by plea. This plea sets up a proper warrant, duly issued by the proper corporate authorities, directing the officer to collect the taxes. This was good in substance, and mere formal objections to the plea can not be urged under a general demurrer. The court did right in not sustaining the demurrer to this plea.

The judgment of the court below must be affirmed.

*Judgment affirmed.*