JOHN VOCHT

*v.*

JOHN REED.

REPLEVIN—*does not lie for property taken for taxes.* The action of replevin does not lie to recover property levied on for taxes, although it may be seized on a warrant against one not the owner of the property. The owner's remedy in such case is by an action of trover or trespass against the officer.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. JOHN C. KEAN, for the appellant.

Mr. U. D. MEACHAM, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of replevin, commenced by John Reed against John Vocht, before a justice of the peace of Stephenson

county, to recover a certain crib of corn. The cause was tried, and an appeal taken to the circuit court, where it was again tried, before the court, without a jury, and judgment was rendered against the defendant, and he brings the cause to this court by appeal.

The facts, as shown by the record, are these: 'In 1870, Brennamon owned forty acres of land in Rock Grove township, Stephenson county; Reed occupied the land as his tenant. Brennamon did not reside in the township. The corn in question was raised on the land, but was owned by Reed. Vocht was tax collector for the township, in 1870; the tax against Brennamon on the land for that year was $19.38. Vocht, by virtue of a tax warrant against Brennamon for this tax, levied on the corn in question, which stood upon the land.

The only question involved in this case is, whether an action of replevin will lie to recover property from a tax collector, which has been taken under and by virtue of a tax warrant. The statute provides, that, before a writ of replevin shall issue, the plaintiff, or some one on his behalf, shall make oath that the plaintiff is the owner of the property, or that he is lawfully entitled to the possession thereof, and that the same has not been taken for any *tax, assessment* or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of such plaintiff, liable to execution or attachment.

In the case of *McClaughry* v. *Cratzenberg*, 39 Ill. 117, this court held an affidavit in an action of replevin insufficient, which read, "that the property had not been taken for any assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods and chattels of affiant; and, further, that the same has not been taken for any legal tax, as this affiant is informed and believes."

The plaintiff in that case offered to file an amended affidavit, in strict conformity to the statute, which the court re-

fused. This court, in disposing of that question, said, "The amended affidavit, if filed, and a trial had, would have presented the same question, so that, if the original affidavit had strictly complied with the statute, the effort would have been vain and fruitless, for the court would have been compelled to dismiss the suit the very moment it was shown a question of taxation was involved, and the constitutionality of the law imposing the tax was the hinge on which the case turned."

In the case of *Mt. Carbon Coal and Railroad Company* v. *Andrews*, 53 Ill. 179, it was held, that the clause of the statute requiring the plaintiff to swear that the property has not been taken for any tax, assessment or fine levied by virtue of any law of this State, was imperative, and the writ could not issue without it.

In discussing the question, the court use this language: "The legislative intention to prohibit property from being replevied, where it has been taken for any tax, is, by this enactment, rendered perfectly manifest."

In *Heagle et al.* v. *Wheeland*, 64 Ill. 423, it was held, replevin could not be maintained to take property out of the hands of a tax collector, who had seized it under a tax warrant, for the collection of the revenues of the country.

The cases cited, *supra*, are, however, where the party against whom the tax was assessed sought to take the property by an action of replevin, and it is claimed by appellee that the law, as declared in those cases, does not apply to this.

In support of that position, numerous authorities are cited to show, when property is taken by an officer, under an execution, a stranger to the execution may maintain replevin, by filing an affidavit under the last clause of section 3 of the Replevin Act.

Upon comparison of the two clauses of section 3, it will be seen, there is a striking difference between them; the one reads, "and that the same has not been taken for any tax, assessment or fine levied by virtue of any law of this State;"

the other clause reads, "nor seized under any execution or attachment against the goods and chattels of such plaintiff *liable to execution or attachment.*

Where the goods of a stranger to an execution are taken, he can, with truth and propriety, swear that the property was not taken by virtue of an execution or attachment against his goods and chattels *liable to execution or attachment,* but where property is taken by a tax collector, under a warrant for taxes, a different case is presented. The point is, not whether the property is *liable* to the tax warrant, as is the case when taken on execution or attachment, but has the property been taken on a tax warrant.

If it has, the writ of replevin can not issue, because the statute says, no writ shall issue, until an affidavit is filed that the property has not been taken for any tax, assessment or fine levied by virtue of any law of this State.

The effect of the statute is, that the action of replevin does not lie in any case, where property is seized by a tax collector, under a tax warrant. The object and intent of the statute are obvious. The government can not be carried on, and the laws enforced, without the revenue is collected. If the collectors of the revenue were to be hampered and tied up by replevin suits, when they are collecting the taxes, it would be found difficult, if not impossible, to make collection, and we have no doubt the legislature foresaw these difficulties and prohibited the action of replevin, for the very purpose of avoiding them.

It is, however, insisted, by appellee, that it is a great hardship to have one man's property taken to pay the tax of another. The tax collector has no right to take the property of one, to pay the tax of another; if he does it, he is liable. The injured party has his remedy in trover or trespass. If the officer takes property of one, to pay the tax of another, he acts at his peril; and the laws of the country will compel him to respond in ample damages to the injured party; so

that the law, while it prohibits a remedy by action of replevin, affords ample protection in another form of action.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE BREESE, dissenting:

I can not believe it was the intention of the legislature to authorize the levy and sale of the property of A to pay the taxes assessed against B. The design of the statute evidently was, to prevent any person whose property has been levied on for taxes assessed against him, to question it in an action of replevin, and that is the extent of *McClaughry* v. *Cratzenberg*, 39 Ill. 117, as the reasoning of the opinion shows.

A person may be passing through a town or city of this State, with his vehicle, and it is seized by a tax gatherer for the taxes, not assessed against that property or its owner, but against another person. Under this decision, that official in Chicago, or any other place, can enter the dwelling of a person, and take from it his choicest furniture, his heir-looms and valuable works of art, to pay taxes not assessed against it and for which it is not liable.

It is poor satisfaction, and the merest trifling with one's rights to property, to say he can sue the officer in trover or trespass. The officer may not be able to respond in damages, and in the meantime the owner has lost an article of property for which money would be no compensation, as there is a matter of sentiment involved in the possession of such.

It would be no satisfaction to one on a journey, to have his horse and carriage taken from him in this way, and be denied a speedy remedy, by replevin, to repossess himself of his property, and proceed on his journey. Nor would it be to a farmer, who has brought a load of wheat to market.

In this case there was no public necessity for this levy, as the land, upon which the tax was assessed, was immovable, and could be sold, as in like cases, for the taxes. I can not be-

lieve it could have been the intention of the law-makers that this act should have the construction now given it by this court. Every man's property is now at the mercy of the tax gatherer, whether taxes are due upon it or not.

This is, in my opinion, a great wrong and injustice.

Mr. JUSTICE SCOTT: I concur with the Chief Justice in the above construction of the statute.