Reed, J.,
delivered the opinion of the court.
Defendant in error brought suit in the county court to collect the sum of $500, upon a bond or writing obligatory given in a real estate exchange between the parties, which was to become due and payable on default of certain agreements. The default was alleged in the complaint and denied by the answer.
*148 A trial was had-and from the judgment an appeal was taken to the district court. The case was several times set for trial and continued by stipulations-at the request-of defendant’s counsel. It was finally set for trial on December 9, 1892. Counsel for plaintiff refused to further continue the case. It was not reached upon the trial docket on that date; went over from day to day until the 13th. Attorneys for defendant were not present and the trial was had ex parte, resulting in a judgment for the plaintiff for the sum of $576, A motion was made to set aside the judgment and for a new trial, which was denied by the court. The motion was supported by affidavits, respectively, of Yaughn & Mead, attorneys for the defendant, and the defendant Morse, to the effect that they were taken by surprise, that there was an oral agreement made between counsel, that counsel for both parties were to watch the docket and ascertain when the cause would be reached for trial and each was to notify the other; that counsel for plaintiff violated the agreement and proceeded to trial ex parte without notifying his adversary. A counter affidavit was filed by Hershey, attorney for plaintiff, in which he denied having made, any agreement, except that he would not try the case in the absence of opposite attorneys on December 9th, stating that on Saturday, December 10th,-he twice called at the office of defendant’s attorneys and was by them informed that the case would not be reached before Tuesday, December 13th, which was the day the trial was had.
The refusal of the court to vacate the judgment and grant a new trial is assigned for error and is the only ground for reversal urged in argument and relied upon. It was purely a matter of discretion with the court, and the only question for determination is whether there was an arbitrary abuse of discretion.
Admitting the oral agreement- as claimed by plaintiff in error to its fullest extent, it only amounts to a-mutual agreement that both should watch the trial docket and each inform the other. The case was on the calendar for trial and had been for four days awaiting its turn. Counsel..must .have *149 expected a trial when it was reached. The situation was such as to require vigilance from both, and it appears it was as much the duty of one as the other to obtain and give the information.
The most that could be said was that the attorney acted in bad faith and did not inform the other party of a fact that he should equally have informed himself in regard to. The arrangement, if made, was but an oral agreement, liable to be misunderstood by either, in no way obligatory upon the court, and is not shown to have been communicated to the court.
Rule No. 23 of the district court is as follows : “No verbal agreement of counsel with each other, with a party, or with an officer of court concerning the progress or management of any matter pending in court will be enforced unless made in open court.”
Stipulations and agreements require three parties, the court being the third, otherwise it would be impossible to do the business. It- was plainly the duty of the cou.rt to dispose of the case when reached, either by a trial, or continuance fop proper: cause shown.
The case for a new trial made by the affidavits,'and they conflicting, was not one to appeal very strongly to a court or to show that the negligence was not culpable. The court could not be held responsible for the bad faith of counsel, if there was bad faith.- We do not think the court proceeded arbitrarily or abused its discretion in refusing the motion. The judgment must be affirmed.

Affirmed.