The People ex rel. The Attorney General v. The District Court of Lake County and Frank W. Owers, Judge Thereof.

1. District Attorney—Nolle Prosequi.
A district attorney has power to discontinue any criminal cause without the consent of the court.
2. Prohibition.
Prohibition lies to restrain a district court from trying a criminal cause after the district attorney has entered a *nolle prosequi* therein.

*Original Application for Writ of Prohibition.*

This is an original application for a writ of prohibition, directed to the district court of Lake county, and to the Honorable Frank W. Owers, the judge thereof, to restrain further proceeding in a certain criminal cause pending in said district court, and to require such court to enter an order dismissing the same upon a *nolle prosequi* heretofore filed by the district attorney. The cause referred to is a certain criminal proceeding upon an indictment returned by a grand jury, in which indictment James R. Amborn, George

B. Handy and Ewan J. Dewar are charged with the crime of murder.

The cause having been set for trial against the objection of the state, the district attorney moved for a continuance upon the ground of public excitement at the place of trial incident to certain labor troubles between the mine owners and the miners' union of Leadville, and the consequent fear of witnesses for the state to testify, etc. The application for a continuance having been overruled, the state filed an application for a change of judges, basing this application upon the alleged prejudice of the Honorable Frank W. Owers, the presiding judge of the judicial district of which the county of Lake forms a part. This application having been overruled, the district attorney thereupon filed a *nolle prosequi*, and requested the court to dismiss the cause thereon. The court having refused to dismiss the proceedings, and being about to empanel a jury for the trial of the defendants upon said charge of murder, the attorney general applied to this court for a writ of prohibition to prevent the district court from proceeding in the premises. Upon the filing of the application an order to show cause was issued against the district court and the judge thereof. In response to this order the district judge appeared and filed his answer. As the opinion of the court proceeds entirely upon a matter of law, it is not necessary to further state the pleadings.

THE ATTORNEY GENERAL and Mr. A. E. PATTISON, Mr. JOHN M. WALDRON and Mr. C. J. HUGHES, for the plaintiff.

Messrs. PATTERSON, RICHARDSON & HAWKINS and Mr. J. W. TAYLOR, for the respondent.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This cause is presented to the court upon motion to quash the return or answer, and issue the writ of prohibition. In support of this motion three reasons are advanced by counsel:

1. Failure of the district court to grant a continuance.

2. Refusal of the district judge to call in another judge to try the cause.

3. The refusal of the district court to enter a *nolle prosequi*, upon the application of the district attorney.

Since the argument the court has examined all the authorities cited by counsel, and such new cases as we have been able to find, and from such examination the conclusion has been reached that the *nolle prosequi* should have been entered upon the application of the district attorney. It is admitted that at common law the attorney general has such power, and it seems clear from our statute that the mantle of the attorney general in this respect rests upon the several district attorneys of this state, acting in their respective districts. The statute provides that the prosecution of criminal offenses shall be conducted according to the course of the common law, except when the criminal code points out a different mode. The criminal code makes no change with reference to the entry of a *nolle prosequi*, and it would seem to follow from this that the district attorney, as at common law, has the power to discontinue any criminal cause, without the consent of the court.

So far as we are aware, all the text writers upon criminal law, including Wharton and Bishop, concur in the statement that in the absence of a statute, the district attorney has such power, and a large preponderance of decided cases support this view. In some of the cases cited by respondents' counsel, it is said that the court is not bound to dismiss a cause in case collusion is shown between the prosecuting officers and the defendants; but it is not claimed that such collusion is shown or exists in this case, and hence the exception, if it exists, does not apply. In a few states the power of the district attorney to enter the *nolle prosequi* has been denied, but such denial, we think, has generally been based upon statutes or the practice in those states. The practice of consulting the court and getting its permission to discontinue a criminal prosecution having been followed in those states, without exception, for many years before being challenged

in the appellate courts, when so challenged the higher court gave as a reason for denying the right of the district attorney to enter a *nolle prosequi* without the consent of the court, that a contrary practice had been followed so long as to become crystalized into law.   In this state it is not shown that such a practice has been generally followed.

The statute requires the district attorney to appear for the people in all criminal prosecutions, with a proviso that in case of his sickness, absence, or inability to act, the court may appoint an attorney to act in his place.   The statute, we think, is not broad enough to permit the court to appoint a district attorney to prosecute in criminal cases where that officer is present in the court room and is not disqualified.   So that the court would be powerless in any such case to continue the prosecution against the wishes of the district attorney.   Aside from this, the attempt to do so on the part of the court would result in an unseemly wrangle between the court and district attorney, which should, if possible, be avoided.

It is urged that it is unwise for the district attorney alone to exercise this power, as that officer could dismiss any criminal cause and prevent even the worst criminals from being brought to trial.   In answer to this it may be said that from the earliest time it has been deemed necessary to lodge such power in some officer, and we see no reason why it should be vested in the court rather than in a district attorney; but if a change is desirable, it should be made by the legislature and not by the courts.   The construction given will not, we think, work any hardship to defendants in this or any other case, as has been suggested, for the reason that in this state defendants, unless bound over as a result of a preliminary examination, can only be proceeded against by information or indictment.   An information cannot be filed except by leave of court, and in practice, grand juries are now seldom called, and can only be called upon an order of court duly made and entered of record, so that as the law now stands, these defendants cannot be proceeded against in the future

without the consent of the court, unless bound over as the result of a preliminary examination. 3 Mills' Ann. Stats., sec. 1432*h;* 3 Mills' Ann. Stats., sec. 2607.

Neither the application for a change of judges nor the affidavits in support of the same are sufficiently specific to merit consideration upon this review. Moreover, as the cause should have been dismissed upon the application of the district attorney, it is unnecessary to pass upon other matters. The motion to quash the return will be sustained, and the peremptory writ of prohibition will issue, commanding the district court to dismiss the cause upon the *nolle prosequi* heretofore filed by the district attorney, no costs to be taxed. The following, among other authorities cited by counsel, are in point: 1 Bishop's Crim. Proc. (3d ed.), sec. 1388; Wharton's Crim. Pl. & Pr., sec. 383, *et seq.;* 5 Crim. Law Magazine, 1; *Commonwealth v. Wheeler,* 2 Mass. 172; *State v. Moody,* 69 N. C. 529; *Statham v. State,* 41 Ga. 511; *People v. Bennett,* 49 N. Y. 137.

*Writ issued.*