SAMUEL WEESE, Appellant, v. THE PEOPLE, Appellees.

19  643
21a  83
21a  84

APPEAL FROM KNOX.

The surrender of the principal in a recognizance, by his surety, and the discharge of the surety, does not release the principal from the effect of a forfeiture of his recognizance.

A judgment upon a forfeiture of recognizance, that the people recover the amount specified, and which then awards a *scire facias* to show cause why judgment and execution should not be had on the recognizance, although declaring more than is usual on a judgment of forfeiture, is not a final recovery.

THIS was a *scire facias* upon a recognizance tried in the Knox Circuit Court, before THOMPSON, Judge, at the October term, 1857. The recognizance was entered into on the 13th day of February, A. D. 1856, before the Circuit Court of Fulton county.

An indictment for arson was pending in that county, against Weese, and the recognizance was entered into by Samuel Weese, as principal, and William S. Weese, as surety, in the sum of $1000, conditioned for the appearance of Samuel Weese, before the Circuit Court of the county of Knox, on the fourth Monday of April next, " to await and abide the issue of said court, in a matter now pending and undetermined, wherein the people of the State of Illinois are plaintiffs, and Samuel Weese is defendant, on an indictment for arson, etc." .

The balance of the recognizance is in the usual form.

The record sets forth, that the indictment for arson was brought into the Knox Circuit Court by change of venue from Fulton county.

At the April term of the Knox Circuit Court, A. D. 1856, the following judgment was entered in said cause:

THE PEOPLE OF THE STATE OF ILLINOIS
            *vs.*               }    *Arson—Change of Venue.*
      SAMUEL WEESE.

This day came the people aforesaid, by A. M. Craig, State's attorney, and the said Samuel Weese, the principal herein, being three times solemnly called, came not, but made default, and William S. Weese, his security herein, being three times solemnly called in open court, to appear and produce the body of the said Samuel Weese, but did not appear or produce the body of the said Samuel Weese, but also made default; hereupon, it is considered by the court, that the recognizance of the said Samuel Weese, as principal, and William S. Weese, his security herein, heretofore taken and by them jointly and severally entered into, and for which they were jointly and severally bound, be taken, held and declared as forfeited. Therefore, it is con-

sidered by the court now here, that the said people of the State of Illinois have and receive of the said Samuel Weese and William S. Weese, the recognizors herein, the sum of one thousand dollars, the amount of their said recognizance. And it is further ordered by the court, that a writ of *scire facias* issue herein, directed to the sheriff of Fulton county, returnable to the next term of this court, commanding him to summons the said Samuel Weese and William S. Weese, personally to be and appear before the Circuit Court of Knox county, on the first day of the next term thereof, to be holden at the court house in the city of Knoxville, on the fourth Monday of September next, then and there to show cause, if any they have, why final judgment should not be rendered against them for the amount of their recognizance aforesaid, and costs, and why execution should not issue thereon for the same.

A *scire facias* was issued upon this recognizance.

On the 26th day of September, A. D. 1855, William S. Weese, the security in the recognizance, came into open court, and surrendered his principal, and he was ordered by the court into the custody of the sheriff; whereupon, the counsel for the defendant moved for the discharge of the principal and security; but the court ordered the release of the surety, upon payment of the costs, and refused to discharge the principal.

At the October term, A. D. 1857, the defendant filed the following pleas:

And the said defendant, Samuel Weese, comes and shows cause, before the court here, why execution should not issue on the said *scire facias* mentioned.

1. And for plea thereto, says: The said people ought not to have their said execution, because he says that there is not, and has not been, any such indictment lawfully pending in the said Circuit Court of said Fulton county, as in said writ of *scire facias* is alleged. And this said Samuel prays may be inquired of by the court here; wherefore, he prays judgment of the court, whether said people ought to have their said execution, or maintain their said action on said writ of *scire facias*, etc.

2. And for further plea in this behalf, the said defendant, Samuel Weese, says, *actio non*, because he says there is no such record of any such cause or indictment against the said Samuel Weese, as by said writ is alleged or supposed.

3. And for further plea in this behalf, the said defendant, Samuel Weese, says, *actio non*, because he says that heretofore, to wit: on the 26th day of September, A. D. 1856, and before the judgment upon said *scire facias*, at the September term of the Circuit Court in and for the county of Knox and State of Illinois, said defendant delivered himself up in open court, and

surrendered himself to said court, in discharge and satisfaction of said recognizance; whereupon, said court ordered that William S. Reese, the surety of said defendant, be discharged from said recognizance, upon payment of cost, which cost defendant then and there paid, as appears by the record of said court, now ready to be produced. And this he is ready to verify; wherefore, etc.

4. And for further plea in this behalf, the said Samuel Weese says, *actio non*, because he says that heretofore, to wit, on the 26th day of September, A. D. 1856, and before judgment on the *scire facias* herein, at a term of the Circuit Court in and for the county of Knox and State of Illinois, then being held at Knoxville, in said county, the said Samuel Weese was delivered up and surrendered in open court, to said court, in discharge and satisfaction of said recognizance, and was then and there ordered into custody by said court; and afterwards, on the same day, said court fixed the amount of bail, on the same indictment upon which defendant was recognized in this case, at one thousand dollars; whereupon, defendant, afterwards, on said day, in open court, entered into a new recognizance, in the sum of one thousand dollars, with William Weese as security, which was accepted by said court, conditioned for his appearance at the next term of said court, to answer unto the same indictment for which the recognizances in this case were made and had; whereupon, said cause (i. e. the prosecution for arson, which was then pending), was continued to the next term of said court, and so defendant saith that he has been and is discharged from said recognizance, and this he is ready to verify, etc.

5. And for further plea in this behalf, said defendant, Samuel Weese, saith, *actio non*, because he says that heretofore, to wit, on the 29th day of April, A. D. 1856, at a term of the Circuit Court, in and for the county of Knox, and State of Illinois, then being held at Knoxville in said county, said Circuit Court rendered judgment against the said defendants, on the same recognizance now sued on: "That the said people of the State of Illinois, have and recover of the said Samuel Weese and William S. Weese, the sum of one thousand dollars, the amount of their said recognizance." Which judgment was and is founded on the same recognizance, set forth in the *scire facias* herein, as will more fully appear by the record thereof, now in court, which is a final judgment; wherefore, etc.

6. And for further plea in this behalf, the said Samuel Weese says, *actio non*, because he says that heretofore, to wit, on the 26th day of September, A. D. 1856, at a term of the Circuit Court, in and for the county of Knox, and State of Illinois, then being held at Knoxville in said county, the said Samuel

Weese was delivered up in court, in discharge and satisfaction of the judgment described in said *scire facias*, and was then and there ordered into custody by said court, to answer said indictment for arson, and the said court did then and there discharge and release the said William S. Weese, of and from said judgment, upon payment of costs, which said costs were then and there paid; wherefore, the said Samuel Weese says that said judgment is discharged, released, and fully satisfied, as to him, and this he is ready to verify; wherefore, etc.

At the same term, the defendant filed his motion to set aside the default of the recognizance against defendant, entered at the April term, A. D. 1856, "because said defendant did, on the 26th day of September, 1856, deliver himself up in open court," in discharge of said recognizance. This motion was overruled by the court.

The plaintiff then filed his demurrer to the 3rd, 4th and 6th pleas of defendant.

To the first plea plaintiff filed his replication, alleging "that there has been and was an indictment lawfully pending in the Circuit Court of Fulton county, as in said writ is alleged." Issue was joined on this plea.

To the second plea the plaintiff replied, that there was such a record as the *scire facias* set forth, and issue was joined.

To the fifth plea plaintiff replied, that there was no such record of a judgment as in said plea is alleged; and prayed the judgment of the court.

The demurrer was sustained to the third, fourth and sixth pleas, and the defendant stood by his demurrer.

A jury was waived, and trial had by the court, who rendered judgment for the people for one thousand dollars and costs.

WEAD & WILLIAMSON, for Appellant.

GOUDY & JUDD, for Appellees.

WALKER, J. The first question presented by this record for our consideration, is, whether the surrender of the principal in a recognizance by his security, and the discharge of the security, releases the principal from the effect of a forfeiture of his recognizance. The doctrine seems to be well settled that courts have no common law power to relieve against forfeitures of this kind. *Pate* v. *The People*, 15 Ill. R. 223, and the authorities cited. At common law, by the forfeiture the debt became absolute, and courts could not relieve until the power was given by statute of 4 Geo. 3, ch. 10, which has never been adopted in this State. But our legislature has changed the common law

by the 196th sec., chap. 30, R. S. 1845, 187, by which it is provided that, " In all cases of bail for the appearance of any person charged with any criminal offense, the security or securities of such person or persons may, at any time before judgment is rendered upon *scire facias* to show cause why execution should not issue against such security or securities, seize and surrender such person or persons charged as aforesaid, to the sheriff of the county wherein the recognizance shall be taken, and it shall be the duty of such sheriff on such surrender, and the delivery to him of a certified copy of the recognizance by which such security or securities are bound, to take such person or persons so charged as aforesaid into custody, and by writing acknowledge such surrender, and thereupon the security or securities shall be discharged from any such recognizance, upon payment of all costs occasioned thereby." It seems to be obvious that the legislature only intended to release the security. The language used will bear no other reasonable construction. It declares that the security shall be discharged from the recognizance. If they had intended to release both principal and security, they would certainly have employed very different language. When the recognizance is entered into, both principal and security become bound, and the legislature only provide for the release, by this means, of the security. But it is insisted that a release of one of several joint obligors, releases all. This is generally true, where the release is executed by the obligee, but is not, where the release is by operation of law. *Tooker* v. *Bennet,* 3 Cain's R. 5; *Nadin* v. *Battie & Wardell,* 5 East R. 147. Under a similar statute to ours the Supreme Court of Indiana have held, that when a recognizance has been forfeited, a surrender of the principal by the security, while it discharges the security does not discharge the principal. *Lorrance* v. *The State,* 1 Carter R. 359; *McGuire* v. *The State,* 5 Porter (Ind.) R. 65. Any other construction would defeat the object of the legislature. The party has the means to avoid the forfeiture, and if he fails to do so, it is at his peril.

It was urged that the judgment in this case is final, and not a judgment of forfeiture, and that this proceeding on it was erroneous. The order shows that the principal and his security were called, and failed to appear according to the condition of the recognizance, and that it was declared forfeited, and then proceeds to render judgment, that the people recover one thousand dollars, the amount of their recognizance, and then awards a *scire facias* to show cause why judgment and execution should not be had on their recognizance. This judgment contains more than is usual in a judgment of forfeiture, but it declares the recognizance forfeited, and awards a *scire facias*. There is no

award of execution, and under it a *fi. fa.* could not have issued; and in effect it is only a judgment of forfeiture. Though informal, it was evidently not intended as a final recovery. When the defendant and his security entered into the recognizance, they acknowledged, on the records of the court, that they were indebted to the people in the sum of one thousand dollars, and when the forfeiture took place, it thereby became an absolute judgment against the defendants, and only required an order of the court awarding execution. This order of the court finding the amount the people were entitled to recover, did not change the rights of the parties, and under this proceeding the defendants had every means afforded them to show why execution should not issue. We are unable to see that the defendant was injured in the slightest degree by the form of this judgment; and if not, he has no right to complain. We are unable to discover any error in this record, and are therefore of the opinion that the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*