JAMES VAN BLARICUM *et al.*, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO RECORDER'S COURT OF THE CITY OF CHICAGO.

The Supreme Court will not inquire into the reasons why the legislature requires certain conditions in a recognizance.

THIS was a proceeding by *scire facias* to recover judgment against bail, impleaded with the principal, in Recorder's Court of Chicago.

On February 7, A. D. 1855, the grand jury of said court returned a bill of indictment against George Van Blaricum for the crime of larceny.

Van Blaricum was tried, found guilty, and sentenced for the larceny aforesaid.

He then sued out a writ of error to said Recorder's Court, upon the said judgment of conviction, and obtained a *supersedeas* upon condition that he execute a supersedeas bond, which he accordingly did, in the words and figures following, to wit:

"Be it remembered, that on the 8th day of March, 1855, George Van Blaricum, *alias* George Bancroft, resident of Indianapolis, State of Indiana, but now in the penitentiary of the State of Illinois, in Madison county, James Van Blaricum, of Indianapolis aforesaid, and Floyd Higgins, of Cook county, Illinois, severally acknowledged themselves to owe to the People of the State of Illinois, the sum of twenty-five hundred dollars, lawful money, to be made and levied of their several goods, chattels, lands and tenements respectively, if the said George Van Blaricum fail in the condition following, that is to say : The condition of the above obligation is such, that whereas the said George Van Blaricum, *alias* George Bancroft, was, on the 22nd day of February, A. D. 1855, convicted by the Recorder's Court of the city of Chicago, of the crime of larceny, and sentenced to imprisonment in the penitentiary of the State of Illinois for the period of four years from and after his delivery to the warden of said penitentiary ; and whereas the said George Van Blaricum, *alias* George Bancroft, hath sued out a writ of error to reverse said judgment of conviction, from the Supreme Court of the third grand division of said State, and whereas the Hon. John D. Caton, one of the Justices of the said Supreme Court, on an inspection of the record of said conviction, hath ordered that the said writ of error operate as a supersedeas of the judgment aforesaid, and that the said George Van Blaricum, *alias* George Bancroft, be discharged from custody under said judgment of conviction, upon condition that he execute a recognizance, with James Van Blaricum and Floyd Higgins as sureties, conditioned according to the one hundred and thirty-ninth section of the 30th chapter of the Revised Statutes of the State of Illinois, entitled ' Criminal Jurisprudence,' approved March 3rd, 1845. Now if the said George Van Blaricum, *alias* George Bancroft, shall be and appear before the Supreme Court of the State of Illinois for the third grand division, to be held at Ottawa on the second Monday of June next, and submit to such order as the court may make in the premises ; and further, that he will be and appear at the next term of the Recorder's Court, at the court house in the city of Chicago, Cook county, Illinois, on the first Monday of April next, and at each subsequent term thereof, on the first days thereof, until the determination of said writ of error, and shall not depart either of the said courts at any of

the terms aforesaid, without the leave of the said courts respectively, and shall submit to such judgment as may be rendered in the premises, then this recognizance to be void, otherwise in full force.

Witness our hands and seals this 8th March, 1855.

Entered into and approved before me, this 9th day of March, A. D. 1855.
JOHN R. SWAIN,
*Sheriff Madison County, Ill.*

Which bond was filed in the clerk's office of said Recorder's Court.

The following forfeiture was entered upon the said supersedeas bond :

THE PEOPLE, ETC.,
*vs.*
GEORGE E. VAN BLARICUM,
Impleaded with EDWARD POWERS. } *Indictment for Larceny.*

This day came the said People by Daniel McIlroy, Esq., State's Attorney, and the said defendant being three times solemnly called, comes not, nor any one for him, but herein makes default; and James Van Blaricum and Floyd Higgins, securities of the said George E. Van Blaricum, being three times solemnly called, and demanded to produce the body of the said George E. Van Blaricum, but failing herein,

It is ordered by the court, that the default of the said defendant, and his securities, be entered of record, and that the said recognizance be taken and declared as forfeited, and that a *scire facias* issue, returnable to the next term of this court, requiring the said defendant and his securities then and there to appear and show cause why the said People should not have execution of said recognizance, according to the force and effect thereof. It is also ordered by the court, that a *capias* issue for the bodies of the said defendant and his securities, returnable to the next term of this court.

On May 1st, 1855, the *scire facias* was issued in said cause in these words :

STATE OF ILLINOIS,
COUNTY OF COOK,
*City of Chicago.* }

*The People of the State of Illinois to the Sheriff of Cook County,* GREETING :

Whereas, on the ninth day of March, A. D. 1855, George E. Van Blaricum, James Van Blaricum and Floyd Higgins, by J. B. Underwood, his attorney in fact, appeared before John R. Swain, sheriff of Madison county, State of Illinois, and entered into a recognizance in the words and figures as follows, to wit : Be it remembered that on the 8th day of March, 1855, George Van Blaricum, *alias* George Bancroft, resident of Indianapolis, State of Indiana, but now in the penitentiary of the State of Illinois, in Madison county, James Van Blaricum, of Indianapolis aforesaid, and Floyd Higgins, of Cook county, Illinois, severally acknowledged them-

Van Blaricum *v.* People.

selves to owe to the People of the State of Illinois, the sum of twenty-five hundred dollars, lawful money, to be made and levied of their several goods, chattels, lands and tenements respectively, if the said George Van Blaricum fail in the condition following, that is to say : The condition of the above obligation is such, that whereas the said George Van Blaricum, *alias* George Bancroft, was, on the 22nd day of February, A. D. 1855, convicted by the Recorder's Court of the city of Chicago, of the crime of larceny, and sentenced to imprisonment in the penitentiary of the State of Illinois for the period of four years from and after his delivery to the Warden of said penitentiary; and whereas the said George Van Blaricum, *alias* George Bancroft, hath sued out a writ of error to reverse said judgment of conviction, from the Supreme Court of the third grand division of said State, and whereas the Hon. John D. Caton, one of the Justices of the said Supreme Court, on an inspection of the record of said conviction, hath ordered that the said writ of error operate as a supersedeas of the judgment aforesaid, and that the said George Van Blaricum. *alias* George Bancroft, be discharged from custody under said judgment of conviction, upon condition that he execute a recognizance, with James Van Blaricum and Floyd Higgins as sureties, conditioned according to the one hundred and thirty-ninth section of the 30th chapter of the Revised Statutes of the State of Illinois, entitled "Criminal Jurisprudence," approved March 3rd, 1845. Now if the said George Van Blaricum, *alias* George Bancroft, shall be and appear before the Supreme Court of the State of Illinois for the third grand division, to be held at Ottawa on the second Monday of June next, and submit to such order as the court may make in the premises ; and further, that he will be and appear at the next term of the Recorder's Court, at the court house in the city of Chicago, Cook county, Illinois, on the 1st Monday of April next, and at each subsequent term thereof, on the first days thereof, until the determination of said writ of error, and shall not depart either of the said courts at any of the terms aforesaid, without the leave of the said courts respectively, and shall submit to such judgment as may be rendered in the premises, then this recognizance to be void, otherwise in full force.

Witness our hands and seals this 8th March, 1855.

GEORGE E. VAN BLARICUM. [SEAL.]
JAMES VAN BLARICUM. [SEAL.]
FLOYD HIGGINS. [SEAL.]

Entered into and approved before me, this 9th day of March, A. D. 1855.

JOHN R. SWAIN,
*Sheriff Madison County, Illinois.*

Which said recognizance was duly filed in the office of the clerk of the Recorder's Court of the city of Chicago, on the 12th day of March, A. D. 1855.

And whereas, at the April term of said Recorder's Court of the city of Chicago, begun and held at the court house on the first Monday of April, A. D. 1855, in the city of Chicago, in said county of Cook, the said George E. Van Blaricum being three times solemnly called to answer, according to the tenor of said recognizance, came not, nor any one for him, but herein failed and made default; and the said James Van Blaricum and Floyd Higgins being three times solemnly demanded that they bring the body of the said George E. Van Blaricum into court,

7

or that their said recognizance would be declared forfeited, came not, nor any one for them, nor did they produce the body of the said George E. Van Blaricum,. but made default herein, which was taken and entered of record against the. said George E. Van Blaricum, and James Van Blaricum, and Floyd Higgins, and their recognizances declared forfeited. Now therefore, we command you that you summon the said George E. Van Blaricum, James Van Blaricum, impleaded with Floyd Higgins, if they shall be found in your county, personally to be and appear before the Recorder's Court of the city of Chicago, in the county of Cook and State of Illinois, aforesaid, on the first day of the next term thereof, to be holden at the court house, in said Chicago, on the first Monday of August next, then and there to show cause, if any they have or can show, why the forfeiture aforesaid should not be made absolute, and the People of the State of Illinois have execution to make the amount of the same, according to the force, form and effect of the said recognizance. And have you then and there this writ, with an endorsement thereon in what manner you have executed the same.

Witness, Philip A. Hoyne, clerk of our said court, and the [SEAL.] seal thereof, at Chicago, this first day of May, A. D. 1855.

P. A. HOYNE, *Clerk.*

Upon which *scire facias* is the following return :

" Served this writ on the within named Floyd Higgins, by reading to him, this 3rd day of May, 1855. The within named George E. Van Blaricum and James Van Blaricum are not to be found in my county.

JAMES ANDREW, *Sheriff.*
By F. E: BUCKLEY, *Deputy."*

That on July 16th, 1855, an alias *scire facias* issued in said cause, which is in all respects like the original. To this *alias* the following return was made :

" The within named George E. Van Blaricum and James Van Blaricum not found in my county, this the 4th day of August, 1855.

JAMES ANDREW, *Sheriff,*
By T. M. BRADLEY, *Deputy."*

On December 1st, 1855, a judgment was rendered upon said ·*scire facias.*

The following are the errors assigned :

1. Supersedeas bond void.
2. No legal forfeiture of said bond.
3. The said writs of *scire facias* are void.
4. The court erred in entering up judgment against the said Van Blaricum alone.

5. The court erred in awarding execution against the said Higgins alone.

6. The said Higgins is no party to the said writs of *scire facias.*

7. General assignment.

R. S. BLACKWELL, for Plaintiffs in Error.

C. HAVEN, District Attorney, for the People.

BREESE, J. We see nothing substantially defective in the process or proceedings in this cause. The recognizance entered into by the parties defendants, was in pursuance of the statute, and the forfeiture entered up by the court, was in pursuance of the recognizance, and the *scire facias*, service and return thereof, in conformity to law in such cases.

It is not for the court to inquire why the statute required such a condition of the recognizance, as the appearance of the party, it is sufficient to know that it did require it, and the party by not performing it is clearly in default. We see no error in the record, and affirm the judgment.

*Judgment affirmed.*