664 . WRAY *et al. v.* THE PEOPLE. [Sept. T.

Syllabus.

# WILLIAM WRAY *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. COUNTER AFFIDAVITS, on a motion to set aside the forfeiture of a recognizance supported by affidavit, are not admissible.

2. FORFEITURE OF RECOGNIZANCE — *grounds for setting aside.* Where it is shown that the failure of a party to appear, according to the condition of his recognizance, was not for the purpose or with intent to evade the law, and that he is guilty of no *laches* or negligence in appearing at the earliest opportunity after the cause which kept him away is removed, he will be entitled to be discharged from a judgment of forfeiture, upon the payment of costs.

3. Where a party, entering into recognizance to appear and answer to a criminal charge, fails to appear at the time required, in consequence of being under bond to appear at the same time in a foreign court, and to save his security in such bond, this will afford good cause for setting aside a forfeiture of his recognizance, if he in good faith surrenders himself as soon as he can after being released from attendance in the foreign court, and within a reasonable time after the forfeiture.

4. SAME—*of the discretion of the court to relieve against forfeiture.* The statute giving the circuit courts discretion to relieve against a forfeited recognizance does not mean an arbitrary discretion, but a sound legal one, and if abused or improperly exercised, this court will review and correct its exercise.

APPEAL from the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a *scire facias*, against William Wray and Parnell Munson, upon a forfeited recognizance. The opinion of the court contains a sufficient statement of the facts.

Mr. E. W. EVANS, for the appellants.

Mr. CHARLES H. REED, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

At the October term, 1872, of the Criminal Court of Cook county, William Wray was indicted for an assault with a deadly weapon upon one Condon, with intent to murder.

On the 6th day of December following, Wray, in open court, entered into a recognizance, with Parnell Munson as his surety, in the penal sum of $4000, for his appearance at the January term, 1873, of the court.

On the 9th day of January, 1873, and at the January term of the Criminal Court, Wray failing to appear, the recognizance was declared forfeited, and on the same day a writ of *scire facias* was issued on the recognizance, returnable on the first Monday of February, 1873, which was served on Munson, and returned not found as to Wray.

On the 18th day of February, Wray came into court and surrendered himself, and was on the same day taken into custody by the officers of the court, and placed in jail, where he remained until he was tried on the indictment.

On the 19th day of February, Munson paid all costs on the *scire facias* case, and on the 20th a motion was made by Wray and Munson to set aside the order of forfeiture of the recognizance and for the discharge of both defendants, which motion the court overruled, and rendered final judgment against Wray and Munson for $4000.

The defendants brought the case to this court by appeal.

In support of the motion to set aside the forfeiture, Wray filed his own affidavit, in which he swears that there was a suit pending in the State of Minnesota against him, in which he had been required to give bail for his appearance at the January term of a court there to be holden; that one B. C. Gates, of Kane county, was his surety; that, in the first part of the month of January, he received a letter, sent him by his bail, from the State's Attorney in Minnesota, in which he was notified it would be necessary for him to be present in the State of Minnesota in and during the month of January, or his bail bond would be forfeited; that, after receiving such letter, and on the 8th day of January, he left the city of Chicago, and went to Minnesota to attend to that suit, and as soon as he could get through with the cause there pending, he returned to Chicago to attend to the case in the Criminal Court. He also filed the affidavit of his bondsman, B. C. Gates, which corroborates his.

The State's Attorney of Cook county filed an affidavit of one Merrill, which tended to show that Wray had left on the 8th of January for the purpose of avoiding a trial at that time.

Prior to 1869, there was no law in this State that authorized the court to set aside a forfeiture of the recognizance as to the principal therein. The statute authorized the security to surrender the principal, and, upon payment of costs, obtain a discharge, at any time before final judgment, as to himself. *Weese* v. *The People,* 19 Ill. 646.

On the 31st day of March, 1869, the legislature passed an act to amend the criminal code of the State, the 9th section of which provides that, after forfeiture of the recognizance, and before final judgment, the court may, in its discretion, upon the payment of costs, set aside such forfeiture, upon the accused being brought or coming into open court and showing to the court, by affidavit, that he was unable to appear in court according to the terms of the recognizance, by reason of sickness, or some other cause which shall satisfy the court

that the accused had not been guilty of any *laches* or negligence.    Public Laws of 1869, page 113.

It will be observed that the evidence upon which the court is to act is the affidavit produced by the accused in support of the motion.    The statute neither by terms nor implication requires or authorizes the court to hear affidavits on behalf of the people, in opposition to the motion.    There is no provision of the statute that authorizes the court to form an issue to be tried on affidavits filed by the accused, in favor of and by the people, against the motion.    It is true, the statute does not in terms prohibit the people from filing affidavits. Neither does the statute, which authorizes a party to a cause pending in court to obtain a continuance grounded on affidavit, in terms prohibit the adverse party from filing counter affidavits in opposition to such motion, yet the construction that has universally been given to that statute is, that counter affidavits are not allowed.

The statute for a continuance reads:   " Whenever either party shall apply for the continuance of a cause on account of the absence of testimony, the motion shall be grounded on the affidavit of the party so applying, or his or her authorized agent."

The statute under consideration reads:   "The court may, in its discretion, set aside such forfeiture, upon the accused being brought or coming into open court, and showing to the court, by affidavit, that he or she was unable to appear in court according to the terms of the recognizance."

Again, the statute which authorizes a change of venue in civil cases, requires the party applying for such change to present a petition to the court, accompanied with an affidavit verifying the facts therein contained.    The statute nowhere prohibits counter affidavits from being filed on the hearing of such motion; still, the settled practice is, that they are not allowed.

. In a certain class of criminal cases, however, where a petition is filed, supported by affidavit, for a change of venue,

there is an express provision of the statute that authorizes counter affidavits to be filed, and considered by the court.

Upon comparison of the language used in the statute under consideration with that contained in the statute for continuance and change of venue in civil cases, we can perceive no reason why one construction should be given to the former statutes and a different one to the latter.

If the legislature had intended that counter affidavits should be filed on the hearing of a motion to set aside a forfeiture of a recognizance, provision would have been made in the law for such a practice, as was done in the statute providing for change of venue in criminal cases.

For the reason that the statute does not provide for filing counter affidavits on the hearing of the motion, the Criminal Court should not have permitted the affidavit of Merrill to be filed by the people, and should not have considered it on the hearing.

On the evidence before the court, aside from the affidavit filed by the people, we think the defendant Wray showed sufficient cause to have the forfeiture of the recognizance set aside.

The affidavits filed by him clearly showed that his failure to appear in court, in obedience to the requirements of the recognizance, was not for the purpose or with the intent to evade the law. He seems to have manifested no design of evading a trial on the indictment for the crime with which he was charged, but, on the contrary, as soon as he finished his business in Minnesota, where he was under bond to appear, he returned to Chicago, and went before the court and surrendered himself up for trial, and was tried upon the indictment and convicted.

Had the defendant remained away until the people could not produce evidence to convict, and thus defeated a trial and conviction, that would present entirely a different case.

But the conduct of defendant and the affidavits filed show that he was acting in good faith. One bond required him to

appear in Minnesota, and the other bond required his appearance in the Criminal Court of Cook county, at one and the same time. His bondsman notified him to appear in the former place. When he complied with this duty and legal liability, and returned in so short a time to answer the requirements of the law in the Criminal Court, it can scarcely be said he was guilty of *laches* or negligence.

It may be said that the Criminal Court was vested with a discretionary power to allow or refuse the motion of the defendants. While the act provides the court may, in its discretion, set aside the order of forfeiture, the obvious intent and meaning of the law is, the court must exercise a sound legal discretion; and when it appears that discretion has been abused, or not properly exercised, in the administration of justice, it may often be the duty of appellate courts to review and correct the decisions of the lower courts.

We are, therefore, of opinion that the order of forfeiture in the Criminal Court, on the evidence, should have been set aside, and the defendants released therefrom.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*