THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* STEVE EVANUK, Defendant in Error.

*Opinion filed February 18, 1926.*

1. CRIMINAL LAW—*amendment of 1923 for setting aside forfeiture of recognizance after final judgment is valid.* The amendment of 1923 to section 17 of division 3 of the Criminal Code, providing that a judgment forfeiting a recognizance may upon a proper showing be vacated at any time after final judgment, does not violate section 23 of article 4 of the constitution, as the statute does not authorize the court to release or extinguish an obligation, but merely adds conditions, the fulfillment of which may discharge the obligation; and relieving against the forfeiture does not affect the finality of the judgment nor the validity of a sale on execution.

2. SAME—*purpose of a recognizance.* The purpose of a recognizance is merely to insure the presence for trial of a person accused of a bailable offense, and the primary object of the proceeding to forfeit a recognizance is not to penalize the sureties or enrich the public treasury, where it appears that the sureties are unable, by no fault of their principal, to perform the condition of the bond.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM J. LINDSAY, Judge, presiding.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, EDWARD C. FITCH, and ALBERT D. RODENBERG, (THOMAS MARSHALL, and HENRY BARRETT CHAMBERLIN, of counsel,) for the People.

JOHN LYLE VETTE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The sole question presented for decision in this case is the constitutionality of the amendment of 1923 to section 17 of division 3 of the Criminal Code. Prior to the amendment the section provided the procedure for forfeiting a recognizance in a criminal case and for a hearing before entry of the final judgment. It then provided: "Before judgment, the court may, in its discretion, set aside such forfeiture, upon the accused being brought or coming into open court, and showing to the court, by affidavit, that he was unable to appear in court according to the terms of the recognizance, by reason of sickness or some other cause which shall satisfy the court that the accused had not been guilty of any *laches* or negligence." In 1923 there was added: "After judgment, either during term time or after the term at which the judgment was entered, upon motion and a proper showing to the court that the accused person has been apprehended or surrendered and tried, or has died or been convicted and imprisoned in some other State or by the United States, the court may vacate such judgment and set aside the forfeiture." Defendant in error, Steve Evanuk, became security in the criminal court of Cook county for Andrew Weitzman in the sum of $5000. Weitzman failed to appear for trial and the recognizance was declared forfeited December 5, 1923. February 8, 1924, a final judgment was entered and execution issued. May 8, 1924, the surety surrendered the accused and he was subsequently tried and convicted and sentenced to the peniten-

320–22

tiary. May 29 defendant in error filed his petition in the criminal court setting forth that the accused had been apprehended and tried and asking that the forfeiture be set aside and the judgment vacated. The prayer of the petition was granted. September 22, 1925, plaintiff in error filed its petition in the criminal court alleging that the amendment of 1923 is unconstitutional, that the order of May 29, 1924, is void, and praying that the order be expunged from the records. This writ of error is prosecuted to review the order denying the petition to expunge.

The section of the constitution which it is contended the amendment contravenes is section 23 of article 4, which provides: "The General Assembly shall have no power to release or extinguish, in whole or in part, the indebtedness, liability, or obligation of any corporation or individual to this State or to any municipal corporation therein." If in the consideration of this case we treat this recognizance as such an indebtedness, liability or obligation as that contemplated by the section of the constitution quoted, and as being an indebtedness, liability or obligation to the State or to the county of Cook,—neither question being free from doubt and neither of which we decide,—we do not agree that the act releases or extinguishes, or authorizes a court to release or extinguish, such indebtedness, liability or obligation. Since 1845, and perhaps before that date, the courts of this State have had authority to relieve against the forfeiture of a recognizance before judgment is rendered upon *scire facias* to show cause why execution should not issue against the sureties. (*Weese* v. *People,* 19 Ill. 643.) The recognizance is just as much an indebtedness, liability or obligation of the surety after the judgment of forfeiture and before the final judgment awarding execution as it is after such final judgment. As early as 4 George III (chap.10) parliament empowered the Barons of the Exchequer to discharge, on petition, any person who had become an absolute debtor to the crown for the penalty men-

tioned in the forfeited recognizance and whom they thought a fit subject for favor. In 1839 Congress passed an act which provides: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." (3 U. S. Comp. Stat. 1916, sec. 1684.) There are similar statutes in most of the States of the Union. If the legislature of this State has the power to authorize a court to set aside the forfeiture before final judgment is entered, then it has the same power to authorize the court to set aside the forfeiture and vacate the judgment after final judgment is entered. The statute does not authorize the court to release or extinguish an obligation, but it merely adds conditions, the fulfillment of which may discharge the obligation, and extends the time within which such conditions may be fulfilled.

The purpose of a recognizance is merely to insure the presence for trial of a person accused of a bailable offense. The penalizing of the sureties, when it appears they are unable, by no fault of their principal, to perform the condition of the bond, or the enriching of the public treasury, is no part of the object at which the proceeding to forfeit the recognizance is aimed. (*Smith* v. *People*, 67 Colo. 452, 7 A. L. R. 392; *United States* v. *Jenkins*, 100 C. C. A. 224, 20 Ann. Cas. 1255.) If the accused has, under circumstances which show that there was no design to evade justice, forfeited his recognizance but makes amends by promptly submitting himself for trial, the real object of the recognizance is effected and no injury is done. (*Wray* v. *People*, 70 Ill. 664.) If the accused is acquitted, what reason is there for exacting from an innocent man a penalty

intended only to secure him for trial, merely because the trial was delayed in consequence of events which he is able to show to the satisfaction of the court excuse his failure to appear? The power of the legislature to authorize the courts to relieve from forfeiture is generally recognized. Whether the legislature has acted wisely in extending the power as broadly as it has by the amendment of 1923 is for it to decide.

The fact that the court is given power to relieve against a forfeiture after judgment, where proper showing is made, does not affect the finality of the judgment. Such a proceeding is not novel. A proceeding somewhat analogous is that taken to relieve against a judgment entered by confession upon a warrant of attorney. And there are other instances, unnecessary to be mentioned here, where the court may, at a subsequent term, set aside a final judgment or decree. Until the judgment is modified or set aside it is valid and binding on all the world. If an execution is issued on the judgment and the property of the surety is sold, the title acquired by the purchaser would not be affected by a subsequent vacation of the judgment.

The final contention that the amendment delegates to the courts power properly belonging to the executive department of the government is without merit. It is a function of the courts, long recognized, to hear a petition to set aside a judgment previously entered and to grant relief in proper cases.

Plaintiff in error does not question the sufficiency of the petition filed to vacate the judgment entered on the recognizance nor of the showing made on such hearing to vacate, so we are not called upon to decide whether the court properly exercised its discretion in vacating the judgment.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*