(No. 20019.

THE PEOPLE *ex rel.* John A. Swanson, State's Attorney, Petitioner, *vs.* JOHN J. SULLIVAN, Judge, Respondent.

*Opinion filed April 17, 1930.*

EDWARD E. WILSON, JOHN HOLMAN, and ALBERT C. DEWITT, for petitioner.

LUCIUS W. WINCHESTER, (NASH & AHERN, of counsel,) for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original petition for *mandamus* filed by the State's attorney of Cook county seeking to require the respondent, as judge of the criminal court of Cook county, to expunge from the records of that court certain orders entered therein by him. It appears from the petition that one Tom Gaublich was indicted by the grand jury of Cook county on the charge of crime against children; that on the 19th of April, 1929, he entered into a recognizance in open court in the sum of $2500, with Katherine Johnson as surety. The condition of the recognizance is, that if Gaublich should appear in the criminal court of Cook county on the 20th of April, 1929, and from day to day thereafter until discharged by order of court, and not depart therefrom without leave, the recognizance to be void, otherwise to remain in full force and effect. The petition recites that on the 23d of April, 1929, the recognizance was forfeited, a *scire facias* issued returnable the first day of the May, 1929, term, and served on the surety, Gaublich not being found in the county; that thereafter, on the 6th day of May, 1929, which was the first day of the May term, judgment by default was entered on the recognizance, neither Gaublich nor the said surety appearing in response to the *scire facias*, and that on July 24, 1929, at the July term of said court, the surety presented to the respondent, then presiding in the criminal court of Cook county, a petition seeking to set aside the forfeiture and judgment, in which

petition she alleged that "at the time when said forfeiture was so declared said case was not upon the call of any judge in the criminal court of Cook county and that said cause had never been set for trial, and that the clerk of the criminal court did not, prior to the declaration of said forfeiture, notify either said defendant or the petitioner, Katherine Johnson, that said case was set for trial upon any day; that said case did not appear upon any call until the 21st day of May, 1929, when said case was placed upon the calendar of Otto Kerner, a judge sitting in said criminal court; that neither said defendant nor the petitioner, Katherine Johnson, either prior to or after the declaration of said forfeiture, or at any time, was notified by the clerk of the criminal court of Cook county, Illinois, that said case was set for trial or upon the call of any judge, and that no notice was ever issued by said clerk of said criminal court." This petition prayed that the forfeiture and judgment be set aside.

The relator, on behalf of the People, appeared and objected that the court was without jurisdiction to set aside the forfeiture and judgment, for the reason that the term of court at which the judgment was entered had expired and that the petition was not sufficient to entitle the surety to the relief prayed. Respondent, as judge of the criminal court, vacated and set aside the forfeiture and judgment entered on the recognizance. It further appears from the petition that on the first of November, 1929, the relator filed in the criminal court of Cook county on behalf of the People a verified petition, praying that the order of July 24, 1929, be expunged, canceled and set aside for the reason that the court was without jurisdiction to enter said order and that the same was void. It further alleges that Gaublich was a fugitive from justice and that said surety had not at any time offered to produce him in court or surrender him. It further recites that the respondent, as judge of the criminal court, ordered this petition of the People

stricken from the files and refused to entertain and consider the motion on the part of the People to expunge the order of July 24, 1929, from the record.

Respondent demurred to the petition on the ground that it did not show that the criminal court, at the time the order of July 24, 1929, was entered, was without jurisdiction of the cause but that the petitioner admits the truth of the allegations of the petition filed by Katherine Johnson, surety on the recognizance, to the effect that when the forfeiture was entered the case was not on the call of any judge in the criminal court of Cook county and had not been set for trial, and that the clerk of the criminal court did not, prior to the declaration of forfeiture, notify either the defendant or the surety that the cause was set for trial on any day, and that the forfeiture was entered without due process of law, and on the further ground that the relator has an adequate remedy in the premises by again forfeiting the recognizance.

It is argued in support of the demurrer that the forfeiture, and therefore the judgment entered on *scire facias,* was void and could be set aside at any time; that the statute requiring that the defendant giving recognizance to appear from day to day should be construed to mean from day to day as directed by the court; that on April 20, 1929, the day on which the recognizance required Gaublich to appear, the case was not assigned to any judge or set for hearing on that day, and no order was entered continuing the cause until April 23, the date on which the declaration of forfeiture was entered; that it is a matter of common knowledge that indictments returned at one term of court are not tried until the subsequent term, and that it is unreasonable to forfeit the recognizance in this case on the 23d of April at the same term at which the indictment was returned. It is also argued in support of the demurrer that since the State's attorney did not give Gaublich or his surety notice of the forfeiture by placing the case on call, the judgment

entered on the recognizance may be set aside under section 89 of the Practice act, which has been substituted for the writ of error *coram nobis,* and that the action of respondent was, in effect, relief granted under that section, and that it was, and still is, a simple matter for the relator to cause the indictment against Gaublich to be assigned for trial and disposition and upon his failure to appear to secure from the court a declaration of forfeiture. It is also argued that respondent in good faith believed that the order of forfeiture on April 23, 1929, was entered without jurisdiction; that the respondent heard evidence, examined the record for the purpose of determining that question of fact and in so doing exercised sound judicial discretion, and that his action is therefore not subject to *mandamus.*

Section 4 of division 3 of the Criminal Code (Cahill's Stat. 1929, p. 987,) requires a recognizance in a case of the character here under consideration "shall be so conditioned as to bind the accused or witness personally to appear at the court having jurisdiction of the offense, on the first day of the next term thereof, to be holden in the county (specifying the time and place of holding the same,) or if the court is then sitting, on some day of the term to be designated therein, and from day to day, and from term to term, and from day to day of each term, until the final sentence or order of the court, to answer for the offense charged * * * and to abide such final sentence or order, and not depart without leave." Section 17 of division 3 of the Criminal Code, applicable to the case before us, (Cahill's Stat. 1927, p. 944,) provides that when any person giving bail for his appearance does not appear in accordance with the terms of the recognizance, "the court shall declare such recognizance forfeited, and the clerk of the court shall thereupon issue a *scire facias* against such person and his sureties, returnable on the first day of the next term of the court, to show cause why such judgment should not be rendered against such person and his sureties

for the amount of the recognizance. * * * If the defendants shall appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature, after any such recognizance shall be declared forfeited as aforesaid. Before judgment, the court may, in its discretion, set aside such forfeiture, upon the accused being brought or coming into open court, and showing to the court, by affidavit, that he was unable to appear in court according to the terms of the recognizance, by reason of sickness or some other cause which shall satisfy the court that the accused had not been guilty of any *laches* or negligence. * * * After judgment, either during term time or after the term at which the judgment was entered, upon motion and a proper showing to the court that the accused person has been apprehended or surrendered and tried, or has died or been convicted and imprisoned in some other State or by the United States, the court may vacate such judgment and set aside the forfeiture."

Prior to 1869 there was no law in this State that authorized a court to set aside a forfeiture of a recognizance as to the principal therein, though the statute authorized the surety to surrender the principal and upon payment of the costs obtain a discharge at any time before final judgment as to himself. (*Weese* v. *People*, 19 Ill. 643.) In 1869 the Criminal Code was amended to provide that after forfeiture of the recognizance and before final judgment the court may, in its discretion, upon payment of costs, set aside such forfeiture. upon the accused being brought or coming into open court and showing to the court by affidavit that he was unable to appear in court according to the terms of the recognizance by reason of sickness or some other cause which shall satisfy the court that the accused has not been guilty of *laches* or negligence. (Laws of 1869, p. 113.) This provision has remained in the statute since that time. In 1923 section 17 was amended by adding the provision that the surety may be relieved from the forfeiture of and

judgment on a recognizance by showing that the accused person has been apprehended or surrendered and tried, or has died, or been convicted and imprisoned in some other State or by the United States. The language of the statute pertaining to conditions of the recognizance is plain and contains no language justifying a construction other than in the plain words themselves. There is nothing in the act which authorizes this court to construe, or justifies it in construing, section 4 of division 3 of the Criminal Code to mean other than just what it says. There is therefore no basis for the contention of respondent that the condition that the defendant appear from day to day is to be construed as requiring his appearance from day to day "as directed by the court."

The statement of this court in *VanBlaricum* v. *People,* 22 Ill. 86, "it is not for the court to inquire why the statute required such a condition of the recognizance as the appearance of the party; it is sufficient to know that it did require it, and the party by not performing it is clearly in default," is as applicable to-day as then. No change of the statute has been made which justifies any other conclusion. When the court finds that the defendant has not appeared in accordance with the terms of the recognizance, section 17 directs: "The court shall declare such recognizance forfeited, and the clerk of the court shall thereupon ·issue a *scire facias* against such person and his sureties." This language is mandatory and leaves no room for the exercise of discretion when the court has once determined that the defendant is in default of the conditions of his bond. The authority of the court to set aside a forfeiture before or after judgment is to be found in the statute and nowhere else. The conditions of the statute must be met. One of those conditions is the appearance in court of the defendant with a satisfactory excuse for his failure to appear as required by the recognizance. (*Wray* v. *People,* 70 Ill. 664.) In this case the defendant was required to appear

on April 20, and from day to day thereafter pending the disposition of his case and not depart without leave. The case was not set on the 20th nor continued to the 23d. Neither this fact nor the practice of putting cases on call, nor any other rule of court, would operate to deprive the court of jurisdiction to enter a forfeiture when such is authorized by the statute.

Respondent argues that it would be an intolerable hardship to require a defendant to attend court from day to day for the reason that he would be unable to do anything else, and for the further reason that there are several judges trying cases in the criminal court of Cook county and the defendant would not know before whom he was to appear. No serious hardship necessarily arises from compliance with the statute. The defendant may secure a continuance to the next term or to a day certain. He would then, under the statute, be free to depart the court until the first day of such term or day fixed, as he would not then be departing without leave. On the first day of the term of court to which his cause was continued he could again secure an order of court continuing the cause to a day certain or to the next term, thus again securing leave to absent himself from court for such a period of time. To require that he thus secure leave and avoid the chance of forfeiture is not an unreasonable hardship. If the accused has, under circumstances which show that there was no design to evade justice, suffered a forfeiture of his recognizance and makes amends by appearing in open court, submitting himself for trial and explaining his failure to appear as required by his recognizance, the object of his recognizance is effected and no injury is done and the court is justified in setting aside a forfeiture of and judgment on the recognizance, (*Wray* v. *People, supra,*) but to hold, as argued by respondent, that it is essential to jurisdiction of the court to forfeit the recognizance that the defendant be given notice by putting the case on call, or otherwise, before forfeiture, would

in many cases render forfeiture impossible, for in a case like the one before us, where the defendant has absconded, notice could not be served on him. A defendant who gives a recognizance has business before the court, and the administration of justice cannot be delayed by giving notice to him that he has defaulted or may default the conditions of his recognizance, were such a rule otherwise salutary. Nor does the statute work a hardship on the surety, as he may at any time surrender the accused and to that end secure the assistance of the officers of the law. In this case not only was no service of the *scire facias* secured on Gaublich, but neither he nor his surety appeared in response to the *scire facias*.

A recognizance is for the purpose of insuring the presence of the accused for trial. (*People* v. *Evanuk,* 320 Ill. 336.) It is not given to require his presence at the beck and call of the State's attorney, and that official has no right to a forfeiture of the recognizance merely to question the accused if he be not in default of his bond. These were matters before the court when the motion to forfeit was presented. It is to be presumed that they were considered, and when the forfeiture was entered the court had jurisdiction to enter it. The order of forfeiture was not void.

From what we have said it is apparent that the requirements of the statute regarding forfeiture and *scire facias* were met, and that the court had jurisdiction to enter the forfeiture and judgment notwithstanding any rules of court as to placing cases on the trial calendar or practice of permitting thirty days to prepare for trial. If the legislature had intended that this statute be subject to rules of court or to practice it would have so indicated. Therefore, when respondent at a subsequent term set aside the forfeiture and judgment he had no jurisdiction so to do, unless it be under section 89 of the Practice act, which substitutes a motion or petition for the common law writ of error *coram nobis.*

Section 89 does not abolish the essentials of the proceeding under the writ of error *coram nobis*. (*Mitchell* v. *King*, 187 Ill. 452.) By that section errors of fact committed in the proceedings of a court of record which by the common law could have been corrected by the writ of error *coram nobis* may be corrected by petition or motion. Such motion or petition is the commencement of a new suit. The error of fact which may be assigned in such a proceeding must be of some fact unknown to the court at the time the judgment was rendered as well as one which would have precluded the rendition of the judgment had it been within the knowledge of the court at the time. The error of fact alleged must not be one appearing on the face of the record or one contradicting the finding of the court. *McCord* v. *Briggs & Turivas*, 338 Ill. 158; *Harris* v. *Chicago House Wrecking Co.* 314 id. 500; *Chapman* v. *North American Life Ins. Co.* 292 id. 179; *People* v. *Noonan*, 276 id. 430.

The petition of the surety does not allege any facts which were unknown to the court at the time the forfeiture was entered, and which, had they been known to the court, would have prevented the entry of the forfeiture. It does not purport to allege matters necessary to give the court jurisdiction under section 89 and cannot be considered a petition or motion under that section. It conferred no jurisdiction to set aside the forfeiture and judgment.

Respondent, in support of his demurrer, argues that he was of the opinion that the forfeiture and judgment in this case were entered without jurisdiction, and having considered the facts set forth in the petition of the surety to set them aside that no notice of the intended forfeiture was given and the cause had not been set on the trial calendar, he exercised sound judicial discretion in determining to set aside the forfeiture and judgment and is therefore not subject to the writ of *mandamus*. The statute provides the condition of forfeiture. Notice to the defendant or

his surety that a forfeiture would be entered or that the cause had been set on the trial calendar nowhere appears as an element of jurisdiction. There was therefore nothing upon which the respondent could exercise discretion as to those matters. Admitting the truth of the averments of the surety's petition, they in nowise affect the jurisdiction of the court to forfeit the recognizance.

Respondent also argues that *mandamus* will not lie because the People may still secure another forfeiture and another judgment on the recognizance, and that therefore the statement of the petition for *mandamus* that the People are without other remedy is not true. Assuming that the People have remedy other than *mandamus*, it does not necessarily follow that *mandamus* will not lie. The existence of other specific legal remedy may be, and is, of importance in determining whether this court will assume jurisdiction in a particular case and might well constitute ground for refusal to take jurisdiction, but since 1874 the existence of other adequate remedy is no longer a bar to relief by *mandamus*. (*People* v. *Wells,* 255 Ill. 450; *Brokaw* v. *Commissioners of Highways,* 130 id. 482.) We have assumed jurisdiction in this case because the question involved is one of general interest and public importance and we regard the case as one of the class in which it is proper to exercise our original jurisdiction, to the end that the power of the trial courts to set aside forfeiture of and judgments on recognizances should be settled and generally understood. We are of the opinion that under the statute no room exists in this case for the exercise of judicial discretion, and while this court will not *mandamus* a trial court where there has been an exercise of judicial discretion, we are of the opinion that in this case the writ should be awarded. *Writ awarded.*