(No. 5809—Claimant )

FRANK M. WARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 4, 1973.*

GRAHAM, MEYER, YOUNG, WELSCH AND MATON, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

Claimant here seeks to recover the sum of $4,177.00, alleged to be the amount of an involuntary overpayment of fines and costs imposed upon him for two violations of "The Illinois Vehicle Code", i.e., being overweight on gross and violating a permit. The overpayment resulted from the court having set a bond which was some $4,177.00 in excess of claimant's fines and costs as finally determined by the Circuit Court in Vermilion County. Said bond was forfeited in an *ex-parte* proceeding, held without notice to claimant.

When claimant made demand upon the Circuit Clerk for a refund of the difference, he learned that the full amount of his $5,200.00 bond, less $25.00 costs, had been forwarded to the State Treasurer through the Illinois Department of Public Safety.

The amount of $5,175.00 was duly acknowledged as having been received by the Illinois State Police and also by the Office of the Treasurer of the State of Illinois, Adlai E. Stevenson III. Demand for the return of $4,177.00 was made upon Adlai Stevenson III in his capacity as Treasurer of the State of Illinois. This de-

mand was refused because no statute authorized the refund.

Except for a difference of $20.00 in the amount allegedly due the claimant, the facts are not in dispute. The facts are stated in a stipulation, filed April 3, 1973, in which the parties hereto *agree and stipulate* as follows:

1. That on or about October 15, 1968, claimant, Frank M. Ward, was operating a motor vehicle along and upon Interstate Route 74 near Danville, Illinois, and within Vermilion County, Illinois, and that said claimant was arrested by Trooper John Matulis of the Illinois State Police and that the claimant was charged with violation of Chapter 95½, Paragraph 228 (b) of the Illinois Revised Statutes: Overweight on Gross, Case No. W 10-01103, and with violation of Section 230 of Chapter 95½ of the Illinois Revised Statutes, Case No. 10-091326.

2. That the claimant, Frank M. Ward, in order to secure his release from the custody of the Sheriff of Vermilion County, Illinois, deposited the sum of FIVE THOUSAND TWO HUNDRED AND No/100 DOLLARS, ($5,200.00) as bail bond in the above-named case with the Circuit Clerk of Vermilion County, Illinois, a copy of the receipt of said FIVE THOUSAND TWO HUNDRED AND No/100 DOLLARS ($5,200.00), being attached hereto as Exhibil "A".

3. That said Frank M. Ward was, at the time of the said arrest, an employee of Krug Excavating Company, 1185 Central Park Avenue, Chicago, Illinois.

4. That the said FIVE THOUSAND TWO HUNDRED AND No/100 DOLLARS ($5,200.00) was furnished to Frank M. Ward by said Krug Excavating Company for the purpose of paying bail bond for said Frank M. Ward and

that the named claimant, Frank M. Ward, has no interest in the proceeds from the said FIVE THOUSAND TWO HUNDRED AND NO/100 DOLLARS ($5,200.00) paid over to the Illinois State Treasurer, and that the sole person having interest therein is the said Krug Excavating Company.

5. On December 12, 1968, a hearing was held in regard to Case No. W10-01103 and Case No. 10-091326 in the Magistrate Division of the Circuit Court for the Fifth Judicial Circuit of Illinois, Vermilion County Danville, Illinois; claimant, Frank M. Ward, not being present in person or by counsel, on the motion of the State's Attorney, claimant's bond in the amount of FIVE THOUSAND TWO HUNDRED AND NO/100 DOLLARS, ($5,200.00), was forfeited.

6. On March 13, 1969, a hearing was held in the Magistrate Division for the Fifth Judicial Circuit, Vermilion County, Illinois Magistrate Lawrence T. Allen presided at said hearing and Frank M. Ward was represented by his attorneys, Graham, Meyer, Young, Welsch & Maton, and the said Lawrence T. Allen, Magistrate for the Fifth Judicial Circuit, entered the order attached hereto and marked as Exhibit "B" and incorporated herein as if further set forth.

7. On June 11, 1969, a hearing was had in the Magistrate Division of the Fifth Judicial Circuit, Vermilion County, Illinois. Magistrate Lawrence T. Allen presided at that hearing. Claimant, Frank M. Ward, appeared in his proper person and by his attorneys, Graham, Meyer, Young, Welsch & Maton, and the people of the State of Illinois being represented by Larry P. Cramer, Assistant State's Attorney, and sworn evidence being heard, Magistrate Lawrence T. Allen entered the

orders attached hereto as Exhibits "C" and "D" and made a part hereof.

8. Frank M. Ward, through his attorneys, Graham, Meyer, Young, Welsch & Maton, has demanded the return of FOUR THOUSAND ONE HUNDRED SEVENTY-SEVEN AND NO/100 DOLLARS, ($4,177.00), from Gerald R. Block, the Circuit Clerk of Vermilion County, Illinois.

9. That Gerald R. Block, as Circuit Clerk for Vermilion County, Illinois has transferred the aforesaid FIVE THOUSAND AND TWO HUNDRED DOLLARS ($5,200.00) less costs of TWENTY-FIVE DOLLARS ($25.00) to the Illinois State Highway Police, as set forth in Exhibits "E" and "F" attached hereto and made a part hereof.

10. That said Illinois State Police, Division of the Department of Public Safety (now Department of Law Enforcement) endorsed said payment to the order of Adlai E. Stevenson III. State Treasurer of Illinois, as set forth in Exhibit "G" attached hereto and made a part hereof.

11. That the State Treasurer of the State of Illinois still retains said funds and refuses to turn said funds over to the claimant, Frank M. Ward.

12. That the claimant, Frank M. Ward, through his attorneys, Graham, Meyer, Young, Welsch & Maton, has demanded the above-mentioned FOUR THOUSAND ONE HUNDRED SEVENTY-SEVEN DOLLARS ($4,177.00) of Adlai Stevenson III in his capacity as Treasurer of the State of Illinois, and that said Adlai Stevenson III, in his capacity as Treasurer of the State of Illinois, refused to refund the said FOUR THOUSAND ONE HUNDRED SEVENTY-SEVEN AND No/100 DOLLARS ($4,177.00), to the claimant.

13. That no assignment or transfer of the above-

mentioned claim for FOUR THOUSAND ONE HUNDRED SEVENTY-SEVEN AND No/100 DOLLARS, ($4,177.00), or any part thereof or interest therein, has been made by the claimant, Frank M. Ward, who has filed this claim on behalf of said Krug Excavating Company, the true party in interest.

14. That this stipulation and the documents attached hereto will constitute the entire record in this matter.

15. That both parties waive right to a hearing and agree that the legal questions involved will be submitted to the Court by briefs from each of the parties. (End of the stipulation)

The above undisputed facts are almost identical, and in all significant respects are identical, to the facts in *Bongi Cartage Inc., et al., v. State*, 24 C.C.R. 354. Respondent concedes that *Bongi Cartage* is the most recent and authoritative case on the points involved here and agrees with the result in *Bongi* granting an award to the claimant notwithstanding the fact that there was no statute specifically authorizing recovery.

Both *Bongi* and the case at bar involved alleged violations of the Uniform Motor Vehicle Code for gross overweight, as well as other violations having standard bonds. In both cases, an *ex parte* judgment was entered; the claimant's bond was forfeited and the money transferred to the State Treasurer, less that portion retained as costs. Subsequently counsel in each case successfully prosecuted a Motion to Vacate the bond forfeiture; the causes were reinstated; and the trial court ordered that the amount remaining in the bond be returned to the claimant.

This court did award a full recovery to the claimants

in *Bongi* on the equitable grounds that: (1) because the payment to the court was involuntary; and (2) because the transfer of funds was illegal; and (3) because claimants had acted to protect their rights promptly after learning of the wrongful transfer.

Applying the 3 tests in *Bongi* to the case at bar, we find as follows:

[1] Claimant here did in fact pay the cash bond, in lieu of the fine, in order to avoid imprisonment. It should, therefore, be perfectly clear that the bond was posted involuntarily. The general rule in Illinois, which we followed in *Bongi,* is restated as follows in *I.L.P. Fines, Forfeitures and Penalties, §11:*

"It is a general principle that fines involuntarily paid may in a proper case be recovered back, but that fines voluntarily paid cannot be recovered."

This court also followed the above rule to deny a claim in *Smith* v. *State*, 21 C.C.R. 459 because there, unlike the case at bar, the fine was paid voluntarily.

[2] Was the transfer of the bond funds illegal as contemplated by the second test applied in *Bongi*? We observe from the record that the court in Vermilion County in fact found that the *ex parte* proceeding, in which the bond was forfeited, was held in violation of *Ch. 110A, Sec. 556, Ill.Rev.Stat., 1967;* that the forfeiture was void *ab initio*; and, therefore, the payment of the balance of the bond money to the State was an illegal transfer of funds.

[3] As to the third element in the *Bongi* decision, respondent concedes in its brief that the claimant acted promptly in attempting to protect his rights. Thus, the defense of *laches* would not lie.

In cases of this kind we must always consider the

question of this court's jurisdiction in view gf the type of action involved. We believe that this court properly accepted and exercised jurisdiction in both the *Smith* and the *Bongi* cases cited above. Again we refer to *I.L.P. Fines, Forfeiture and Penalties*, §11 in which it is stated:

"The General Assembly has power to authorize the Courts to relieve against forfeitures even after judgment." *People* v. *Evanuk*, 1926, 150 N.E., 634, 320 Ill., 336, 43 ALR 1230.

Since the General Assembly has the power to authorize the courts to relieve against forfeitures, it follows that this court, having been given exclusive jurisdiction to hear claims against the State based upon statutes and laws, claimant would have no other remedy, in law or equity, except to file claim in this court.

As to the type of action involved here, we find in *Vol. 36A of Corpus Juris Secundum, P.458,* the following:

"*Actions. Indebitatus Assumpsit.* For money had and received, it has been held, is a proper form of action against the government or a county for the recovery back of a fine illegally collected. So, also, it has been held that an action for money had and received is the proper form of action to recover from a Justice of the Peace a fine illegally imposed upon him."

Among the cases cited in the footnotes to support these statements is *Devlin* v. *U.S..*, 12 U.S. Court of Claims, 266.

Respondent concedes in its brief that the the order of the Circuit Court forfeiting claimant's bond, being void *ab initio,* gives the State no legal right to retain the money of which it thus became possessed; that claimant's action was appropriately brought in this court; and that claimant is equitably and legally entitled to an award.

Respondent merely finds a slight discrepancy in the amount to which claimant is entitled, and we accept respondent's calculations as accurate on this point.

172

As set out earlier, the claimant was fined in the sum of $903.00 for the operation of an overloaded vehicle on a public highway and was also assessed $10.00 costs for this violation. He was also fined $100.00 plus $5.00 costs, for operating in violation of permits issued by the Department of Public Works and Buildings. These fines and costs total $1,018.00. Claimant admits that this amount should properly be deducted from his original bond of $5,200. However, there was a further cost of $25 deducted by the Circuit Court Clerk which was never received by the State. Therefore, it appears to the court that the sum of $1,018 in fines and costs should be deducted from the $5,175.00 actually received by the State, leaving a balance of $4,157.00 due the claimant.

Claimant is hereby awarded the sum of $4,175.00 as a refund of his overpayment of penalties.